STATE, use of DANIEL C. SPRIGG, *vs.* MARY J. JONES and others.

The act of 1720, ch. 24, which prohibits a suit upon a testamentary or administration bond, before a return of *non est* to a *capias* against the executor or administrator, is a *remedial statute,* and, as such, is to be *liberally* construed; its design is to make the principal pay instead of the surety.

Under this act an executor may *voluntarily* appear to the *capias* at any time during the *same term,* though after the return of *non est,* and thus prevent a suit on his bond.

The return of *non est* gives the right to sue the bond, and if such suit be brought *before* an appearance by the executor, a *subsequent* appearance by him cannot arrest it.

The clerk of a court has no right to receive an appearance to a suit and make an entry thereof when the court is not in session.

Where a defendant relies upon an appearance in another case in another court as having been properly entered, the plaintiff cannot reply and aver against the record that the appearance was not properly entered.

APPEAL from the Superior Court for Baltimore city.

*Debt* brought on the 28th of August 1852, by the appellant, on the testamentary bond of Mary Jane Jones, as executrix of Andrew D. Jones.

The *declaration* sets out as a breach, that Andrew D. Jones was one of the sureties in the guardian's bond of Samuel Jones, Jr., who received a large sum of money belonging to his ward which he failed to pay over to the plaintiff, Sprigg, (who was subsequently appointed guardian in the place of said Samuel Jones, Jr.,) as directed by the orphans court; that on the 10th of April 1852, after the death of Andrew D. Jones, the plaintiff sued out of the circuit court for Baltimore county, in which she resided, a writ of *capias ad respondendum* against the said Mary Jane Jones, his executrix, to recover this money, returnable on the 3rd. Monday of April 1852, which was returned "*non est,*" wherefore a right of action on her testamentary bond accrued to the plaintiff.

The defendants *pleaded,* that while they admit all the matters and things averred in the declaration, yet they say that after the return of the writ of *capias ad respondendum non est* as against the said Mary J. Jones, she duly appeared

in said court to answer it, to wit, on the 2nd of August 1852, being during the same term of the court to which the writ was returnable, and afterwards, on the 12th of August 1852, at the same term, filed her *plea* to the declaration, of all which the plaintiff had notice; to which plea the plaintiff, on the 30th of November 1852, *replied*, and that said case upon these pleadings is now pending in the said circuit court for Baltimore county.

To this plea the plaintiff *replied*, that said circuit court, after the said return of *non est*, to wit, on the 14th of July 1852, adjourned till the 27th of October 1852, and held no session upon any day between the said 14th of July and the 27th of October 1852, and that after said adjournment and before the day appointed for the session of said court, to wit, on the 2nd of August 1852, the said court not being in session, the said Mary Jane Jones, by her attorney, caused her voluntary appearance to said writ so returned *non est* to be entered on the docket in the clerk's office of said court; and at another day during said adjournment, to wit, on the 12th of August 1852, she, by her attorney, caused to be entered on said docket in said clerk's office the filing of her plea in said suit, and then and there left in the clerk's office the paper called a plea in said cause, and on the 28th of August 1852, the plaintiff sued out of the Superior Court of Baltimore city the writ in this suit and filed the declaration therein, *absque hoc*, that said Mary Jane Jones duly appeared in said circuit court to said writ of *capias ad respondendum* as alleged in her plea.

To this replication the defendants *demurred* generally, which demurrer the court, (FRICK, J.,) sustained, and gave judgment thereon for defendants, from which the plaintiff appealed.

The cause was argued before LE GRAND, C. J., TUCK and MASON, J.

*Richard T. Merrick* for the appellant, argued:

1st. That the act of 1720, ch. 24, subjects the plaintiff's absolute right to sue on the bond to only one condition precedent. He is required to issue a *capias* against the personal

12    v.8

representative in the county of her residence or where letters have been granted, and *on the return* of *non est* the right to sue the bond *is absolute*, and no subsequent appearance, voluntary or in pursuance of an *alias*, can divest the right to proceed against the sureties on the bond. This act is in derogation of the common law, and, like all such legislation, is to be construed *strictly*. Prior to this law a creditor had the right to sue the bond. This law says he shall not sue until a return of *non est* to a *capias* against the executor. Upon the simple return of *non est* the creditor is *restored* to his common law right and cannot be divested thereof by any subsequent condition. A writ is said to be returned when it is returned to the place whence it issued. *Evan's Pr.*, 86.

2nd. If a voluntary appearance could divest this right, there was and could be no appearance *except in court*, and while it was in session, and the appearance alleged is one in the· *clerk's office* during an adjournment, and *this suit* was brought before the court again met. Any appearance to be valid must be in *open court*, in order that the party may be required to *give bail* and *security for costs*. *Evan's Pr.*, 244, 245, 266, 267. There is an analogy between this case and that of fixing bail, which is regarded as fixed on the day of the return of *non est*, and if released it must be done in open court. *Evan's Pr.*, 266. On this point see also 1 *H. & J.*, 453, *West vs. Hughes*. 1 *Tidd's Pr.*, 238, 239. 1 *Salk.*, 8, *Stroud vs. Gerrard*. *Cro. Eliz.*, 466, *Corbet vs. Cook*.

3rd. The fact that the plaintiff filed a replication to the plea in the suit in the circuit court, being *after this suit*, cannot affect it, nor could it relate back, but can only be regarded as · the acceptance of a *voluntary* appearance as of its date.

4th. That this is properly a case for a *special* traverse. All the authorities say that a record may be questioned by a record. 3 *Bac. Abr.*, 371. It is the very case for a special traverse, for in no other way could the question *of law be raised.*

*Benjamin C. Barroll* for the appellees, argued:

1st. That the demurrer was properly sustained, because the executrix appeared in the circuit court and pleaded to the *nar*

against her, and that court recognised her appearance by receiving and retaining her plea. The plaintiff also recognised her appearance and plea by the replication thereto, and having done so it is too late in the suit on her bond to say that the appearance and plea are nullities. The act of 1720 was intended to apply to a case in which the executrix does not in fact appear to the suit. If she appears and pleads, and gives the plaintiff notice, and he replies to her plea, such a case is within the reason and spirit of the act. *Stephen on Plead.*, 22 to 26. The act never designed that a plaintiff should at the same time prosecute his claim against an executrix and also against her bond. The basis of the right to prosecute the bond is the inability to prosecute the original debtor. This act is for the remedy of a mischief and is to be construed according to its spirit and design, and not according to its letter. 2 *G. & J.*, 365, *State vs. Boyd.* 4 *G. & J.*, 152, *Canal Co. vs. Rail Road Co.* 1 *Md. Rep.*, 17, *Milburn vs. The State.* The authority cited on the other side from *Evan's Pr.*, 266, is overruled by the case of *Dunbar vs. Conway*, 11 *G. & J.*, 94. The appearance here was properly entered. 1 *Tidd.*, 264. *Stephen's Plead.*, 25. In 2 *Smith's Lead. Cases*, 512, the very point was made that the court was not in session, and was overruled.

2nd. The replication or special traverse in this case is not well pleaded; you cannot aver against the record, you are estopped from so doing. *Stephen's Plead.*, 181. 1 *Chitty's Pl.*, 618, 619. 2 *Strange*, 684, *Helbut vs. Held. Ibid.*, 817, *Palmer vs. Elkins.* 1 *Wilson*, 85, *Bradburn vs. Taylor.* 16 *Johns.*, 55, *Green vs. Ovington.* 3 *Bac. Abr.*, 370 to 374, title, *Error.* 2 *Smith's Lead. Cases*, 512.

LE GRAND, C. J., delivered the opinion of this court.

This is an appeal from the decision of the Superior Court of Baltimore city, sustaining the demurrer of the appellee to the replication of the appellant to the plea of the appellee, under the following circumstances:

*This* proceeding commenced under the act of 1720, chapter 24, entitled, "An act to *restrain* the *rigor* of prosecutions on

administration or testamentary bonds." As the act is short, we incorporate it, that our opinion may the more distinctly appear. Its preamble and enactment are, as follows:

"Whereas it is represented by some of the justices of the provincial court, that a *most oppressive* and *pernicious* practice is introduced of putting testamentary and administration bonds in suit in the provincial court for the non-payment of small debts recovered in the county courts, without ever suing out writs of *fieri facias* or other executions to affect the estate of the deceased in the executors' or administrators' hands, OR without any insufficiency of such executors or administrators, whereby the act, entitled, an act to restrain the ill practices used by sheriffs in taking goods by *fieri facias* and selling them by *venditioni exponas*, is entirely evaded so far as it relates to executors and administrators, and the person and sureties of such executors and administrators are affected by such suing the said bonds, *instead* of the effects of the deceased; for prevention whereof for the future:

"Be it enacted," &c., &c., "That it shall not be lawful for any creditor or creditors to prosecute any such administration or testamentary bond for any debt or damages due from or recovered against any testator or intestate, or their effects, before a *non est inventus* on a *capias ad respondendum* be returned against the executor or administrator, or a *fieri facias* returned *nulla bona* by the sheriff of the county where such executor or administrator lives, or where the effects of such deceased lies, or such other apparent insolvency or insufficiency of the person or effects of such executor or administrator, as shall, in the judgment of the provincial court that hears the cause, render such creditors remediless by any other reasonable means save that of suing such bonds, on pain that such person or persons that shall cause such bonds to be sued contrary to the true intent and meaning of such act, shall be condemned in full costs of suits, to be adjudged by such provincial court to the defendant or defendants that shall be so sued, against the person or persons that shall cause the same to be sued, and shall award execution thereof as usual in other cases.

"And be it further enacted, as aforesaid, That it shall and

may be lawful for the defendant or defendants in such suits to give this act and the special matter in evidence without specially pleading the same; any law, statute, usage or custom to the contrary notwithstanding."

The plaintiff in this action, on the 28th of August 1852, commenced an action of debt, in the Superior Court of Baltimore city, against the defendants, upon the testamentary bond of Mary J. Jones, executrix of Andrew D. Jones. The declaration is in the usual form, setting out the breaches. The defendants pleaded specially, *substantially* as follows: that whilst they admit the matters and things charged and averred against them in the declaration, they say, that after the return of the writ of *capias ad respondendum "non est"* as against Mary J. Jones, by the sheriff of Baltimore county, as alleged in said declaration, the said Mary Jane Jones duly appeared in the said court to which the said writ was made returnable, and at the same term thereof, to wit, on the 12th day of August, the said Mary filed her plea to the said declaration, of all which plaintiff had notice, and afterwards, on the 30th day of November 1852, filed its replication to the plea, and that the case, on such pleading, is now pending, &c. To which plea the plaintiff replied, that after the return of *"non est,"* on the 14th day of July 1852, the court adjourned until the 27th day of October of the same year, and when the appearance and plea of the defendant, Mary J. Jones, was made, the said court was not in session. To this replication the defendants demurred and the court sustained the demurrer, from which decision is this appeal.

On behalf of the appellant it is contended, that a return of *"non est"* as against an administrator, under the act of 1720, *ipso facto,* gives the right, *never thereafter to be questioned,* to sue the administration bond. In this opinion we do not concur. In the case brought to our view by the pleadings in this one, it appears, that although Mary J. Jones had been returned *non est,* nevertheless she appeared at the *same term* and pleaded, and that her plea was replied to by the plaintiff in this action, and that the suit is still depending.

Apart from all considerations growing out of the general

law, we think, under the act of 1720 itself, the appellant has clearly no case. That act was designed, if there ever was one, as a *remedial* statute, and as such ought to be *liberally* construed. It was passed—to use its language—to do away with a *"most oppressive* and *pernicious* practice;" in other words, to prevent the property of sureties being taken to satisfy the debts of the principal, when such principal had sufficient property to satisfy them. And although it authorises the institution of a suit against the sureties on a testamentary bond after the return of a *non est* against the administrator, it does not, therefore, necessarily follow, that the administrator cannot appear *voluntarily* in the court to which the writ is returnable *during the term*, or on the same day, but at a later hour of that day, on which the sheriff makes his return.

Before the adoption of the present constitution of the State it was the uniform practice of sheriffs to have their amercements stricken out when the party was produced, if at any time during the term. It was all the party had a right to demand. The body of the defendant was produced to answer. And surely under a proceeding commenced under an act passed to *"restrain"* the *"rigor"* of proceedings, it is not, and cannot be a too liberal construction, to allow to sureties the privilege which would have been granted to the principal. The purpose of the act is transparent. It is nothing more than this: *to make the principal pay instead of the surety.* In the case before us the appellant is in no way damaged. Had Mrs. Jones been returned "summoned" on the first day of the term to which the *capias* was returnable, instead of *non est*, the appellant would be in no better condition than it is now—her appearance during the term, and pleading, and its replication, gives to the State all the advantage which either justice or a fair construction of the act of Assembly entitles it. A reference to the authorities cited in argument would show conclusively, that the appearance of Mrs. Jones was in sufficient time. We have forborne to notice them, because the very act under which this proceeding is professedly had, is too plain, in our opinion, to admit of a serious controversy as to its true meaning, liberal and *just* spirit.

The replication relies on the fact that Mary J. Jones appeared to the suit against her at a time when the court was not only not in session, but had adjourned from a day preceding to one succeeding the entry of the appearance. We do not think such an appearance can be entered. The clerk has no power to receive the appearance and make the entry when the court is not in session. But if there was any such irregularity it should have been corrected by a proper proceeding in that case. The defendant relies on the appearance having been properly entered, and the plaintiff cannot, as we think, aver against the record. Although the defendant may appear voluntarily, yet if the suit on the bond shall be commenced before the appearance is entered the plaintiff cannot be thereby barred of its right to prosecute that suit. The return of *non est* gives the right to sue the bond, and when that writ is issued the appearance cannot arrest the proceeding.

*Judgment affirmed.*