## KAUFFMAN *v.* WOOTTERS.

ERROR TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 1360. Submitted January 5, 1891. — Decided February 2, 1891.

State legislation simply forbidding the defendant to come into court and challenge the validity of service upon him in a personal action, without surrendering himself to the jurisdiction of the court, but which does not attempt to restrain him from fully protecting his person, his property and his rights against any attempt to enforce a judgment rendered without due process of law, is not in violation of the Fourteenth Amendment. *York* v. *Texas,* 137 U. S. 15, affirmed and applied.

THIS was a motion to dismiss or affirm. The case is stated in the opinion.

*Mr. A. H. Garland* and *Mr. H. J. May* for the motion.

*Mr. T. N. Waul* opposing.

MR. JUSTICE HARLAN delivered the opinion of the court.

This case is before us upon a motion to dismiss the writ of error for want of jurisdiction in this court to reëxamine the judgment below; or, if this court has jurisdiction, to affirm the judgment upon the ground that the question on which our right of review depends is too frivolous to require argument upon it.

Certain provisions of the statutes of Texas relating to the service of process are, it is contended, in violation of the clause of the Fourteenth Amendment, declaring that no State shall deprive any person of property without due process of law. These provisions are as follows : (Rev. Stats. Texas.)

" Art. 1240. The defendant may accept service of any process, or waive the issuance or service thereof, by a written memorandum signed by him or by his duly authorized agent or attorney, and filed among the papers of the cause; and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law. Art. 1241. The defendant may in person, or by attorney, or by his duly authorized agent, enter an appearance in open court, and such appearance shall be noted by the judge upon his docket and entered in the minutes, and shall have the same force and effect as if citation had been duly issued and served as provided by law. Art. 1242. The filing of an answer shall constitute an appearance of the defendent so as to dispense with the necessity for the issuance or service of citation upon him. Art. 1243. Where the citation or service thereof is quashed on motion of the defendant, the case may be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term of the court. Art. 1244. Where the judgment is reversed on appeal or writ of error taken by the defendant for the want of service, or because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed. Art. 1245. No judgment shall in any case be rendered against any defendant unless

upon service, or acceptance, or waiver of process, or upon an appearance by the defendant, as prescribed in this chapter, except where otherwise expressly provided by law."

The Supreme Court of Texas, construing these statutory provisions, has held, and it so held in this case, that a defendant who appears only to obtain the judgment of the court upon the sufficiency of the service of process upon him, is thereafter subject to the jurisdiction of the court, although the process against him is adjudged to have been insufficient to bring him into court for any purpose. The question here is whether such legislation is consistent with "due process of law." That question, arising upon the above statute, was presented in *York* v. *Texas*, 137 U. S. 15, 19, and it was there held that State legislation "simply forbidding the defendant to come into court and challenge the validity of service upon him in a personal action, without surrendering himself to the jurisdiction of the court, but which does not attempt to restrain him from fully protecting his person, his property and his rights against any attempt to enforce a judgment rendered without due service of process," was not forbidden by the Fourteenth Amendment.

Upon the record of this case there was color for the motion to dismiss, and, upon the authority of *York* v. *Texas*, the motion to affirm the judgment is sustained.

*Affirmed.*