### THOMAS v. VIRDEN.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

No. 173.

1. JUDGMENT—ACTION—JURISDICTION—APPEARANCE.
    Defendant, when sued on a foreign judgment, may show that the attorneys who undertook to enter his appearance in the action in which the judgment was rendered had no authority to do so, unless such question has been determined by a court having jurisdiction of both the parties and subject-matter.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1469.]

2. SAME—RES JUDICATA.
    Plaintiff having sued certain persons in a Florida court, defendant's agent directed certain attorneys to intervene for defendant, which they did. The agent acted without authority, and, when defendant was informed, he directed the agent to take such further steps in the litigation as should be necessary to discontinue the same, whereupon the agent employed another attorney, who obtained an order striking defendant's name from the record as an intervening party, after which, and after plaintiff had filed an amended petition by leave of the court against defendant, another petition was filed praying that defendant's name be stricken from the suit as either plaintiff or defendant, on the ground that the filing of the intervention was without defendant's knowledge or authority. This application was tried on affidavits and denied. Held that, defendant never having repudiated his agent's acts in employing a second attorney to procure his dismissal from the case, the order denying such relief was binding on him, so that he was not entitled, in a suit on a judgment recovered against him, to a retrial of the question of the validity of his appearance in the original suit.

In Error to the Circuit Court of the United States for the Western District of New York.

This cause comes here upon writ of error to review a judgment of the Circuit Court entered upon a verdict directed by the court in favor of defendant in error, who was plaintiff below.

Charles T. Ennis, for plaintiff in error.
C. A. Brodek and Simon Fleischmann, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The action was brought upon a judgment alleged to have been recovered against defendant in the circuit court of the Sixth judicial district of Florida. Plaintiff put in evidence a certified copy of the judgment roll containing the judgment and all other proceedings in the Florida court, and, having proved three assignments to himself from other parties in the Florida action, rested his case. The defense contended that Thomas had never been served in the Florida action, and had never appeared or authorized appearance therein. The court held that on that point it was concluded by the judgment roll. The argument here has been quite extended, but the crux of the case lies within a very narrow compass. Plaintiff does not dispute the general proposition that a party, when sued upon a judgment of a court of another state, may show by competent evidence that the lawyers who undertook to enter his appearance in the action in which such judgment was rendered had no authority from him so to do. But, although defendant in this case was not allowed to answer questions directed to that precise point, there was no error in such ruling, as will appear from a summary of the somewhat complicated facts disclosed in the record.

In November, 1903, Virden began a suit in equity in the Florida court against Preston and Kelly. Other persons intervened therein from time to time. On December 17, 1903, a petition to intervene was filed in behalf of Thomas. It purported to be signed by him and by Simonton & Turman as his solicitors. This petition was granted and Thomas made a party. The complainants thereupon filed an amended bill, naming him as a defendant, in which they sought to hold Thomas as a principal in a scheme alleged to have been devised by him and other defendants, and liable to complainants for the aggregate of their claims. This amendment of the bill was on formal order of the court. On January 20, 1904, after such amendment was made, a new solicitor, C. C. Whitaker, purporting to act on behalf of Thomas, asked that Thomas be permitted to withdraw from the files of the court the petition of intervention, and that his name be stricken either as a party complainant or defendant in the suit, and that said order be made without prejudice to the said Thomas to take such other or further steps in the litigation as he may in future see fit. Upon this application the court made an order that Thomas be permitted to withdraw his petition of intervention, and that "his name be stricken as a party complainant or defendant to this suit, without prejudice to the said Orlando F. Thomas to take such other and further steps in this litigation as he may in the future see fit." Then follows the date (Jan. 20, 1904) and signature of the judge, and immediately below it the words:

"This order is not intended in any way to affect the order of the court formerly made herein making Orlando F. Thomas a party defendant. It is further ordered that said defendant be allowed until Feb. 15th to file his answer."

This addendum is also dated January 20, 1904, and signed by the judge. In view of the contradictory directions of this order, it might

not be easy of interpretation; but we are spared the trouble of construing it. The Florida court·has held that it did not operate to discharge Thomas from the suit, and has so held under circumstances which do not permit us here, in this action, to review its conclusions. Eventually judgment was entered against Thomas pro confesso for $24,615.37. If this were all, it would have been quite proper for Thomas, when sued upon the judgment, to show that he was never served with process in the Florida suit (it is conceded that he was not); that the application for leave to intervene made in his behalf by Simonton and Turman was never signed by him, nor brought at his request, or with his knowledge or assent; and that neither himself nor any agent authorized to act for him retained Simonton & Turman ·to make any such application, or Whitaker to appear on the motion which resulted in the contradictory order above quoted from. These were issues on which the defendant was entitled to have his day in court, and so far as the facts above recited disclose he·had never had it. Therefore he would have opportunity to present his side of such issues in the court in which action was brought upon the judgment.

But the judgment roll and defendant's testimony show something more. On February 6, 1904, a further petition, purporting to be that of "Orlando F. Thomas, by his solicitor, C. C. Whitaker," was presented to the Florida court. It averred that "he gave no authority to file the intervention filed in this cause for him, and that no one had such authority to so represent him, and that the filing of the intervention in this cause in his behalf was done without authority from him, or without his knowledge or consent, as shown by the affidavits hereto attached and made a part of this petition." It prayed that his name be stricken from said suit as either complainant or defendant. Upon such affidavits and others the court on February 10, 1904, denied the petition. It is apparent that these are the same issues which defendant sought to present and give testimony upon in the case at bar. If the defendant had elected to present such issues to a competent court for its determination, and such determination had been reached before this action was begun, it is manifest that he would have no right to try them over again in the·later action.

The first question in this case, therefore, is whether Thomas authorized the submission to the Florida court of the question whether or not he had authorized Simonton & Turman to appear for him on the application to intervene in the original suit. The record in this case discloses that this application of February 6, 1904, was made by a lawyer named Whitaker, who testified that it was made by him on behalf of Thomas, in compliance with the request of one Richard Irving. The application was based upon affidavits, one of which purported to· be verified in New York by Orlando F. Thomas. Thomas admitted on the stand that this affidavit was made by him. It averred that he did not authorize Simonton & Turman, or any other attorney, or any other person, to ask in defendant's name for any relief whatever in the Florida court; that he did not authorize any action to be taken for him in his name in said suit, and that he did not know that

such action had so been taken in his name until about the 5th or 6th of January, when he was so informed by Richard A. Irving, of the city of New York; that as soon as deponent was so informed he repudiated said action and refused to sanction the same, and "directed that said Irving take steps to discontinue the same and undo anything that had been done on deponent's behalf." Whitaker testified in the court below that he appeared before Judge Wall in the Florida court on February 10, 1904, when the application of February 6, 1904, was argued, "following an instruction from Mr. Irving to present this matter." Although defendant was repeatedly asked whether he ever authorized any one to appear for him in any Florida action, and whether he ever employed Whitaker to make any motion for him in any Florida case, and whether he ever gave Irving any authority to file any petition of intervention in the Florida action, all of which questions were disallowed, he was not asked any question calculated to elicit a reply contradictory of the statement in his affidavit that he directed Irving to take steps to discontinue the same and undo anything that had been done. Upon the proofs, therefore, it appears that Irving, who employed Whitaker to submit the issues raised by the motion of February 6, 1904, to the Florida court, was the attorney in fact of Thomas, instructed by the latter to "take steps" in this very matter. On this evidence it must be held that these issues were presented to the Florida court under circumstances which would make their decision of such issues binding upon Thomas.

The judgment of the Circuit Court is affirmed.