### CHINN v. FOSTER–MILBURN CO.

(District Court, W. D. New York. March 7, 1912.)

1. COURTS (§ 344*)—UNITED STATES COURTS—JURISDICTION—SERVICE OF PROCESS.

 A federal court does not acquire jurisdiction over a foreign corporation unless it is served with process within the jurisdiction of the court and is doing business within the state, unless there is waiver by general appearance or otherwise of want of due process.

 [Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*]

2. CORPORATIONS (§ 668*)—PROCESS—SERVICE—RETURN—EVIDENCE.

 A return of service of summons on a foreign corporation sued in a state court, which recites the delivery of a true copy on the managing agent of the corporation found in the county, that such managing agent was the only agent of the corporation in the county, that the corporation is a nonresident, and that none of its principal officers reside in the state, and that all of the officers excepting the managing agent are absent from the state, is prima facie evidence of legal service.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.*

 Service of process on foreign corporation, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

3. JUDGMENT (§ 828*)—FOREIGN JUDGMENTS—CONCLUSIVENESS.

 Where a foreign corporation sued in a state court moved to quash the service of summons on the ground that it was not doing business in the state, and that the process was not served on an agent representing it in its business, and submitted affidavits in opposition to the return of service, establishing prima facie evidence of legal service, the decision of the state court that it acquired jurisdiction over the foreign corporation by reason of the service was conclusive on the corporation, and it could not relitigate the question in an action in the federal court on the judgment rendered against it by the state court.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509, 1515; Dec. Dig. § 828.*

 Conclusiveness of judgment as between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. JUDGMENT (§ 818*)—CONCLUSIVENESS—FULL FAITH AND CREDIT.

The rule that the full faith and credit clause of Const. art. 4, § 1, does not require the acceptance of the record of judgment as conclusive on the facts necessary to give jurisdiction to a state court, and that such judgment may be attacked on jurisdictional grounds, and that the jurisdiction of the state court over the person or subject-matter is always open to question, applies only to cases where the nonresident defendant in the state court was not served with summons, and did not appear or waive the defect in service.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481; Dec. Dig. § 818.*

Giving full faith and credit, jurisdiction of federal court, see note, Bailey v. Mosher, 11 C. C. A. 318.]

5. COURTS (§ 374*)—UNITED STATES COURTS—STATE LAWS AS RULES OF DECISION.

The rule of law of a state that a special appearance to quash service of summons is converted into a general appearance and a waiver of the defect of service where an appeal is taken by defendant following trial on the merits must be taken as the law in an action in the federal court on a judgment rendered by a state court against a nonresident defendant who successfully appealed from a former judgment against him after a trial on the merits after the refusal to quash the service of summons, and the federal court must render judgment on the judgment rendered by the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 981, 982; Dec. Dig. § 374.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

6. CONSTITUTIONAL LAW (§ 309*)—DUE PROCESS OF LAW.

The rule adopted by the highest court of a state that a special appearance to quash service of summons on a nonresident is converted into a general appearance and a waiver of defects of service where an appeal is taken from an adverse judgment, following a trial on the merits, does not deprive a nonresident defendant appealing from an adverse judgment of a state court after specially appearing to quash service of process of due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 929, 930; Dec. Dig. § 309.*]

At Law. Action by John P. Chinn against the Foster-Milburn Company. Judgment for plaintiff.

Willard H. Ticknor, for plaintiff.

Rebadow & Ladd (Adolph Rebadow, of counsel), for defendant.

HAZEL, District Judge. This an action brought in the district of which the defendant corporation, a citizen of this state, is a resident, and wherein it is engaged in business, to recover a judgment on a judgment of $2,000 rendered in favor of the plaintiff, a citizen of the state of Kentucky, by the circuit court of Mercer county, Ky. The defense is that the judgment was and is null and void, in that the court was without jurisdiction of the person of the defendant, and specifically that the record of the judgment upon which the plaintiff relies does not show that the defendant, a nonresident of the state of Kentucky when the service was made, was engaged in business in that state, and also that the return of the sheriff on its face shows that service of the summons was not made upon such a person as was required by law.

The parties by agreement waived trial by jury, and, after hearing the arguments on the briefs submitted and after consideration thereof, the court now renders its decision. As preliminary to the contentions of the defendant, it is necessary to set out the procedure in the first action, resulting in a judgment against the defendant. The sheriff of Mercer county who served the summons originally made the following return:

"Executed by delivering a true copy of the within summons to J. E. Monroe the chief agent of the defendant in Mercer county, this 24th day of June, 1907.".

A motion to quash on affidavits controverting the return was duly made on the grounds that service was not had on a proper representative of the defendant, and that it was not engaged in business in the state of Kentucky. The sheriff was permitted by the court to amend his return to read as follows:

"Executed this summons by delivering a true copy thereof to J. E. Monroe, the managing agent of the defendant found in Mercer county, Kentucky; said Monroe being the only agent of the defendant found in Mercer county, the Foster-Milburn Company having no president, or vice president, or secretary, or librarian, or cashier, or treasurer, or clerk, or other managing agent than the said J. E. Monroe in Mercer county, Kentucky, the said defendant, the Foster-Milburn Company, being a nonresident of the state of Kentucky, and none of the officers above named reside in Kentucky, and all of the said officers named, except the said J. E. Monroe, are now absent from the state of Kentucky.  This June 24th, 1907."

And thereupon the motion to quash was denied.  A petition for removal was then filed to the United States District Court for the Eastern District of Kentucky, but the petition was disallowed with leave to the defendant to appeal, and at the same time the defendant was required to answer before December 15th next ensuing.  Later, the appeal not having been perfected, its answer reciting its objection to the jurisdiction of the court and to the merits was filed.  The next step was to move the court to do nothing further in the action on the ground of removal to the United States Circuit Court; but on February 8, 1908, on motion of the plaintiff, the cause was remanded to the state court.  A demurrer was next interposed to the petition which was also overruled, and afterwards an amended answer to the merits was filed saving, as far as possible, the question of the jurisdiction of the court.  On May 22, 1908, the trial was had and verdict rendered by the jury for the plaintiff in the sum of $2,500.  A motion for a new trial being denied, the case was appealed to the Court of Appeals, and subsequently the judgment was reversed on errors committed on the trial.  A motion was again made just prior to the second trial to dismiss the action on the jurisdictional ground, but it was denied and the trial proceeded; the jury rendering a verdict for the plaintiff in the sum of $2,000.  Thereupon defendant's motion for a new trial was denied by the court, and a second appeal taken to the Court of Appeals solely from the order denying the motion to quash the service of summons; but the Court of Appeals affirmed the judgment, and held that by appealing the defendant waived the special objection to the service, and submitted itself to the jurisdiction of the court.  The judgment is res adjudicata, and the validity of the service cannot be relitigated in this court.

[1] It is well settled by a long line of cases in the federal courts that, in order to confer jurisdiction upon a federal court over a foreign corporation, the latter must be properly served with process within the jurisdiction of the court, and must be doing business within the state, unless there was a waiver, by general appearance or otherwise of the want of due service. Goldey v. Morning News, 156 U. S. 520, 15 Sup. Ct. 559, 39 L. Ed. 517; St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; Barrow S. S. Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964; Penna. Lumbermen's Mutual Fire Insurance Co. v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. Ed. 810.

[2, 3] This court is not called upon in this action to decide whether the defendant was doing business in the state of Kentucky within the judicial decisions of the federal courts, and whether the process was served upon an agent or officer representing the corporation in its business. The return of the sheriff was prima facie evidence of legal service, and the Mercer Circuit Court, having considered the opposing affidavits of the defendant, manifestly decided as a fact that the service was upon an agent of the defendant or a preson in charge of its business at the place where the cause of action arose. Bragdon v. Perkins-Campbell (C. C.) 82 Fed. 338; Phelps et al. v. Mutual Reserve Fund Life Ass'n, 112 Fed. 453, 50 C. C. A. 339, 61 L. R. A. 717; Thomas v. Virden, 160 Fed. 418, 87 C. C. A. 370.

In Thomas v. Virden, supra, the plaintiff in error was sued in Florida where a judgment was recovered against him, and later the judgment was sued upon in this district. Thomas contended that he was not concluded by the judgment because he had never personally appeared in the action or authorized any one to appear for him. The record showed an appearance on his behalf by lawyers employed by an agent, but he undertook to show that the appearance and intervention were without his authority. The Circuit Court of Appeals for this circuit held that in an action on the judgment it could be shown that the appearance was without authority from the defendant in the action, but as the dispute in relation to appearance had been determined by the court in Florida, which had jurisdiction of both the parties and the subject-matter, though Thomas was not personally served with the summons, the order of the court holding the appearance regular was binding upon him, and the foreign judgment was res adjudicata. This case strengthens the view already expressed that, where there is a dispute between the return of the sheriff showing a proper service, and affidavits in opposition showing irregularity in the service, the decision of the court is binding, and cannot again be litigated in an action to recover on the judgment.

[4] It is true, as ably contended by counsel for the defendant, that the "full faith and credit" clause of the Constitution (article 4, § 1) does not require the acceptance of the record of judgment as conclusive upon the facts necessary to give jurisdiction to a state court, and that such a judgment may be attacked on jurisdictional grounds; and also that the jurisdiction of a state court over the person or subject-matter is always open to question. St. Clair v. Cox, supra; Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897; Pennoyer v. Neff, 95 U.

S. 714, 24 L. Ed. 565; Grover & Baker Machine Co. v. Radcliffe, 137 U. S. 295, 11 Sup. Ct. 92, 34 L. Ed. 670; In re Kimball, 155 N. Y. 68, 49 N. E. 331. But this broad rule, as a careful reading of the adjudications will show, has application only to cases where the nonresident was not served with summons, and did not appear or waive the defect in service.

[5] Defendant further contends that illegality in the service of process by which the action is commenced is not waived by answering to the merits after interposing a special appearance objecting to the jurisdiction of the court. With this contention as a general proposition I am in complete accord. But the rule in Ohio and in Kentucky relating to special appearances to the jurisdiction of the court is otherwise, and it has repeatedly been judicially decided by the Court of Appeals of the state of Kentucky that a special appearance to quash service is converted into a general appearance and a waiver of the irregularity or defect of service if an appeal is taken following trial upon the merits. Grace v. Taylor, 4 Ky. 430; Graves v. Hughes, 7 Ky. 84. In Louisville R. R. v. S. D. Chesnut, 115 Ky. 43, 72 S. W. 351, the court, reaffirming its prior decisions, says:

"After its objection to the process was overruled the defendant filed an answer to the merits. There was a trial and a judgment on the whole case. From this judgment the appeal before us is prosecuted. It will therefore be before the lower court on the merits when the action is returned to the lower court."

In the case at bar on the reversal by the Court of Appeals of the judgment rendered on the first trial and in answer to the contention by counsel for the defendant that the service of the summons was illegal, it was said in the opinion:

"If an appeal is to a reviewing court, it is a general appearance in the sense that, on reversal and remand to the trial court, defendant is in court for the purpose of further proceedings, without any further steps to bring him into court, even though the judgment was reversed on the ground that the trial court had no jurisdiction of the person of the defendant."

Such prescribed rule having been in force in Kentucky for many years, the controversy relating to improper service must be regulated and controlled by it. Whatever the law was in the state of Kentucky must be taken as the law in a collateral action to recover on the judgment, and this is so even though this court would deem itself bound to apply a different rule were it not for such judicial decisions. Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535; Chase v. Curtis, 113 U. S. 452, 5 Sup. Ct. 554, 28 L. Ed. 1038. While these cases arose on different facts, the principle announced by them is not inapposite.

The defendant, indeed, argues that from the beginning its appearance in the action was special, that it was insistent that the summons was not lawfully served, that motions were made to quash, and that at all stages the question of jurisdiction was reserved; but, according to the decisions of the highest courts of the state of Kentucky, these acts were wholly inconsistent with its plea to the merits and appeal for the correction of the judgment. The defendant was not compelled to appear and answer. It possessed no property in Kentucky subject to

levy and attachment. But, having elected to conduct the litigation to its finality in that state, the defendant must now yield, as the rule of comity and the proper administration of the law require this court to hold that due process of law has not been denied. Jones v. Jones, 36 Hun (N. Y.) 418. The defendant cites Central Grain & Stock Exchange v. Board of Trade, 125 Fed. 463, 60 C. C. A. 299, in support of the contention that jurisdiction cannot be conferred by a mere appeal to a higher court in a case wherein the objection had been taken by special appearance, but that case was originally brought in a federal court where the right to object to the jurisdiction, if made by special appearance, is not waived by subsequent appeal.

[6] There are numerous other cases cited by the defendant, among them Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, but they are all distinguishable; and I think it may safely be held that the right of the highest court of Kentucky to make a rule whereby a special appearance to question the jurisdiction of the court upon appeal after trial on the merits is converted into a general appearance is beyond question or doubt. For instance, in Harkness v. Hyde, supra, the defendant was not served with process within the territorial jurisdiction of the court. The sheriff served the summons on an Indian reservation outside of his bailiwick, and the court held that such an illegality in service was not waived by answering to the merits after making a special appearance and objecting to the jurisdiction of the court. The opinion of the court is wholly predicated upon the fact that the process was served outside of the jurisdiction of the court. Such was not the case here.

It is well settled that a statute providing that a motion to quash service of a summons or citation shall be deemed a general appearance for all purposes is a valid and constitutional enactment. Maysville v. Ball, 108 Ky. 261, 56 S. W. 188; York v. Texas, 137 U. S. 15, 11 Sup. Ct. 9, 34 L. Ed. 604; Southern Pacific Co. v. Denton, 146 U. S. 208, 13 Sup. Ct. 44, 36 L. Ed. 942; Mexican Cent. Ry. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699; Caskey v. Chenoweth, 62 Fed. 712, 10 C. C. A. 605; Kauffman v. Wooters, 138 U. S. 285, 11 Sup. Ct. 298, 34 L. Ed. 962. In York v. Texas, supra, the service of process was conceded to be a nullity, but the Supreme Court, though apparently criticising the statute, upheld it, and said:

"The state has full power over remedies and procedure in its own courts, and can make any order it pleases in respect thereto, provided that substance or right is secured without unreasonable burden to parties and litigants."

True, there is no statute in Kentucky containing a similar provision. Nevertheless the judicial decisions of the Court of Appeals have the force of law, and must be given the same effect as though the Legislature of the state had enacted them into the statute law of the state.

My conclusions therefore are, first, that, inasmuch as the defendant corporation appeared and challenged the jurisdiction of the court and took issue upon the return of the sheriff, the decision of the Mercer Circuit Court cannot be revised or corrected by this court; and, second, that by answering to the merits and appealing from the judgment

to the Court of Appeals of Kentucky the defendant submitted to the jurisdiction, and is now estopped from questioning the validity of the judgment.

The plaintiff is entitled to judgment as demanded in the complaint, with costs.