### MISSOURI, K. & T. RY. CO. v. GOODRICH.

(Circuit Court of Appeals, Eighth Circuit. March 16, 1914.)

No. 4007.

1. CONSTITUTIONAL LAW (§ 309*)—DUE PROCESS OF LAW—PRESCRIBING EFFECT OF SPECIAL APPEARANCE.

It was competent for the Legislature of Texas to enact a statute providing that one who appeared specially in an action to attack the service thereby submitted himself to the jurisdiction of the court, and such statute does not deny due process of law, since the defendant by appearing, even though specially, subjected itself to the local practice.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 929, 930; Dec. Dig. § 309.*]

2. JUDGMENT (§ 504*)—COLLATERAL ATTACK—GROUNDS—ERROR IN PROCEEDINGS.

Whether a state court should have continued a cause after denying defendant's motion for dismissal is not a jurisdictional question which can be raised in a suit to enjoin a collection of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 944–947; Dec. Dig. § 504.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by the Missouri, Kansas & Texas Railway Company against L. E. Goodrich. From an order denying an injunction against the defendant, the complainant appeals. Affirmed.

W. W. Brown, of Parsons, Kan. (James W. Reid, of Chanute, Kan., and Joseph M. Bryson, of St. Louis, Mo., on the brief), for appellant.

J. A. L. Wolfe, of Sherman, Tex., for appellee.

Before HOOK, ADAMS, and SMITH, Circuit Judges.

HOOK, Circuit Judge. This is an appeal by the railway company from an order of the District Court of the United States for the District of Kansas refusing to enjoin Goodrich from enforcing a judgment he obtained against it in a state court of Texas. The company contends that the Texas court was without jurisdiction and the judgment was rendered without due process of law, because it was not doing business in that state and the person upon whom process was served there was not its agent. It appeared specially in that court and moved to dismiss the action for the reasons now urged. The motion was denied and, over its protest, it was ruled to answer or suffer default. It answered and the action proceeded to judgment.

[1, 2] A statute of Texas holds a party who specially appears, as the company did, to have submitted himself to the jurisdiction of the court. See York v. State, 73 Tex. 651, 11 S. W. 869. Without statute the rule is that one may confine his appearance to an attack upon the service without submission generally. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; De Witt v. Monroe, 20 Tex. 289. But it was competent for the state to prescribe new consequences to a special appearance in its courts if it left the party free to stay out, and that was the case here. A statute to that effect is not a denial of due process of law. York v. Texas, 137 U. S. 15, 11 Sup. Ct. 9, 34 L. Ed. 604; Kauffman v. Wooters, 138 U. S. 285, 11 Sup. Ct. 298, 34 L. Ed. 962. When the company voluntarily appeared, though specially, it subjected itself to the local practice. Whether the state court should have continued the cause after the motion to dismiss was denied is not a jurisdictional question.

The order denying an injunction is affirmed.