## GEORGE D. IVERSON, JR., *v.* ILLINOIS GLASS CO.

*Foreign  Judgment — Successive  Attacks — Conclusiveness  of Adjudication—Foreign  Statute—Competency of Witness.*

If one against whom a judgment has been obtained in another state moves unsuccessfully in that state to have the judgment set aside for lack of service of process, he cannot make the same attack on the judgment when sued thereon in this state.     p. 524

In such a case, the judgment defendant's acquiescence in the action of an attorney, by reason of whose appearance for defendant the judgment was entered, in moving to have the judgment set aside, and such defendant's action in providing an affidavit in support of the motion, were equivalent to his making of the motion.                                          p. 524

Statutes of another state, not proved in the lower court as required in the case of foreign laws, cannot be considered on appeal.                                               p. 525

That a witness testified that he was employed by plaintiff corporation as credit manager in 1921 and 1922, did not limit his knowledge to 1922, so as to preclude him from testifying, of his own knowledge, that the judgment in suit had not been paid since 1922.                                     p. 525

Defendant cannot complain of the exclusion of evidence of facts which must defeat his defense.                   p. 526

*Decided January 14th, 1926.*

Appeal from the Court of Common Pleas of Baltimore City.  (STUMP, J.).

Action by the Illinois Glass Company against George D. Iverson, Jr.  From a judgment for plaintiff, defendant appeals.  Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*Henry Zoller, Jr.*, for the appellant.

*John H. Hessey*, with whom was *G. W. S. Musgrave* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appellant was sued in New York City, in 1922, conjointly with a corporation of New York named the "Namusa Corporation," of which the appellant had been, for a time, president. He was sued as guarantor of its debt. A joint summons was served on the secretary of the corporation, he turned it over to one of the attorneys for the corporation, a Mr. Nevin, the latter entered his appearance for both defendants, and for want of pleas or answers judgment was eventually entered against both, by default. This appeal arises out of a suit brought on the judgment against Iverson, in Baltimore City. He denies the jurisdiction of the New York court to enter the judgment against him, on the ground that he was not a resident of New York, and that the attorney was without authority to enter an appearance for him there. He testified below that he had had no knowledge of the proceeding there until he heard of the suit in Baltimore, that on hearing of this suit he went at once to New York, and, having called Mr. Nevin's attention to his want of authority to enter the appearance, was assured by Mr. Nevin that he, the latter, would try to rectify his error in entering it. To this end, at the direction of Mr. Nevin, Iverson prepared and forwarded him an affidavit, or deposition, that he was never served with process and knew nothing of the case, in order that it might be presented to the New York court, in support of a motion to strike out the judgment. The motion was made accordingly, in New York, but was denied.

After testimony to these facts in the suit on the judgment, the court below granted the plaintiff an instruction to the

jury which excluded the defense on want of authority for
Mr. Nevin's original appearance in New York, and directed
them that if they found the judgment had been rendered
against the defendant in New York and had not been paid,
their verdict in the present suit should be for the plaintiff.
And this instruction was granted, as the court below ex-
plained, on the theory that after the attack on the validity of
the judgment had been made in the New York court, and
an adjudication of the matter had been obtained there, the
defendant could not have a second hearing and adjudication
on it in the suit in Baltimore City.   We find it to be correct
that a person in the situation testified to could not attack the
judgment by motion in the first jurisdiction, and then, after
an adjudication against him there, make the same attack
in another jurisdiction.  *Thomas v. Virden,* 160 Fed. 418;
*Burdette v. Corgan,* 26 Kans. 102; *Ederheimer v. Carson
Dry Goods Co.,* 105 Ark. 488; 3 *Freeman on Judgments*
(5th ed.), sec. 1372, pp. 2835-2836; *Chicago Life Ins. Co.
v. Cherry,* 244 U. S. 25.   The appellant replies, however,
that the motion in New York to strike out the judgment was
not his motion, but was the attorney's own proceeding, to
rectify his, the attorney's, error.   The appellant denies em-
ploying Mr. Nevin to act for him in making the motion, and
views his own action in furnishing the affidavit or deposition
in support of the motion as mere aid to Mr. Nevin in the
latter's affairs.

If the attorney in New York had not been, in fact, au-
thorized to make the motion there on behalf of Iverson, the
adjudication on it would not, of course, affect Iverson any
more than the original judgment would.   But we agree with
the lower court that Iverson's acquiescence in the making
of the motion, and his providing the affidavit or deposition
in order to have the facts laid before the court, cannot be
distinguished from the making of the motion by him.   The
judgment stood against him, and a motion to strike it out
could be made only for him and in his name.   There could
be no such thing as a motion for and on behalf of the attorney,

as distinguished from the party of record, for the law knows only the parties litigant as actors before it. There could not be two adjudications in different interests, one for the attorney and one for the litigant.

There is also a contention that the judgment is void because certain prerequisites to judgments by default against non-residents in the statute law of New York had not been complied with. The statutes are copied into the appellant's brief. The appellee's answer, that they cannot be considered because they were not proved below, as foreign laws must be, seems conclusive. *Harryman v. Roberts,* 52 Md. 64, 76; *Mandru v. Ashley,* 108 Md. 693, 695; *Goldsborough v. Tinsley,* 138 Md. 411, 417. And to that it might be added, that if they had been proved, and if it were clear that the courts of Maryland could consider the possibility of error in the New York proceeding because of a disregard of these statutes (*State v. Jones,* 8 Md. 88, 95; *Peters v. League,* 13 Md. 58, 63; *Hunter v. Halton,* 4 Gill, 115, 122; *Gibbs v. Didier,* 125 Md. 486, 499), it would still not be clear to us that these statutes apply to a case in which an appearance was entered by an attorney.

There are two exceptions to rulings on evidence. A witness who lives in Illinois testified that he was assistant credit manager of the appellee company, and was with that company in the years 1921 and 1922. He was asked whether he had personal knowledge of the transactions with the Namusa Corporation, and could state of his own knowledge whether the amount of the judgment had been paid. In overruling an objection, the court said he might answer, if he knew, whether the judgment or any part of it had been paid. He answered that the judgment had not been paid. The appellant argues that the earlier answer limited the witnesss' knowledge to 1922, so that he could not testify that the judgment had not been paid since. But the previous answer does not clearly limit the witness' knowledge to 1922. His answering for the whole time up to the trial, after the careful instruction to confine himself to his actual knowledge, would

seem to negative that interpretation. Moreover, there is no contention that this judgment was paid in point of fact. The controversy is confined· to the one question of obligation to pay anything under the judgment.

Exception was also taken to the court's rejection of depositions offered by the defendant, which, according to statement in the record, confirmed the witness, Iverson's, testimony, and "showed that a motion was filed in the City Court of New York to strike out the judgment, and further showed that said motion was overruled." The facts to be proved by the depositions were the very facts which, as we have found, must defeat the defense offered by the appellant in the Maryland courts, and, therefore, this exclusion of further evidence in support of them could not harm the appellant in any way.

We find no reversible error, and, so, must affirm the judgment.

*Judgment affirmed, with costs to the appellee.*