# YORK *v.* TEXAS.

ERROR TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 999. Submitted October 21, 1890. — Decided November 3, 1890.

The provisions in the Revised Statutes of Texas, Articles 1242–1245, which, as construed by the highest court of the State, convert an appearance by a defendant for the sole purpose of questioning the jurisdiction of the court, into a general appearance and submission to the jurisdiction of the court, do not violate the provision in the Fourteenth Amendment to the Constitution which forbids a State to deprive any person of life, liberty or property without due process of law.

ON the 14th day of November, 1888, a personal judgment was rendered in the District Court of Travis County, Texas,

against the plaintiff in error, which judgment was subsequently affirmed by the Supreme Court of the State. Error is now alleged in this, that the District Court had no jurisdiction of the person of the defendant. The record discloses that on October 20, 1885, the defendant leased from the State certain school lands, at a stipulated rental. The lease provided that in all suits thereunder the venue should be laid in Travis County, Texas. The State filed its petition on February 15, 1888, alleging non-payment of the rent due in 1886 and 1887. The defendant being a non-resident, a citizen of St. Louis, Missouri, a notice in accordance with the provisions of the statute was served upon him personally in that city. No question is made but that the service was in strict conformity with the letter of the statute. On March 9, 1888, the defendant appeared by his counsel and filed a special plea, challenging the jurisdiction of the court, on the ground that he was a non-resident and had not been served personally with process within the limits of the State. This plea was overruled. Thereafter, and on the 5th day of October, 1888, the defendant appeared by his attorneys in open court, demanded a jury, paid the jury fee, and had the cause transferred to the jury docket. On the 6th day of October he again filed a plea to the jurisdiction, on the same ground, which was also overruled. On the 14th day of November, when the cause was reached and called for trial, he again appeared by his attorneys, waived his right of trial by a jury and his demand of a jury, and declined to further answer to the cause — relying solely upon his plea to the jurisdiction. The court thereupon proceeded to render judgment against him, which, as heretofore stated, was affirmed by the Supreme Court. 73 Texas, 651.

*Mr. Rufus H. Thayer* for plaintiff in error.

The District Court of Travis County had no jurisdiction over the plaintiff in error by reason of the service in St. Louis. The Supreme Court of Texas concedes this when it says: "Since the decision made in the case of *Pennoyer* v. *Neff*, 95 U. S. 714, 723, it must be held that service made without this

State, as it was upon appellant, is not sufficient to confer jurisdiction on a court of this State to render a mere personal judgment against one, a citizen of and resident in another State. *Freeman* v. *Alderson*, 119 U. S. 185; *Hart* v. *Sansum*, 110 U. S. 151; *Harkness* v. *Hyde*, 98 U. S. 476; *Cooper* v. *Reynolds*, 10 Wall. 308. One of the grounds on which the decision in *Pennoyer* v. *Neff* is based, makes it authoritative throughout all the Union in all cases to which it is applicable, and, although there may have been some decisions made in this State asserting a contrary rule, we feel bound to follow it."

The Supreme Court of Texas, however, does not stop here as we contend the court should have done, and enter a judgment reversing and dismissing this cause for want of jurisdiction, but it goes further; and while it says that a judgment entered against York before his filing his plea to the jurisdiction would have been a nullity, it also says, that by appearing for that purpose, even though the record leaves no ground for claim, appellant thereby intended voluntarily to submit himself to the jurisdiction of the court, which from first to last he resisted, and thereby submitted to the jurisdiction of the Travis County District Court. We contend that this ruling is wrong; that it is in contravention of the Constitution of the United States and the Fourteenth Amendment thereof; and that it is repugnant to the same as it thereby confers jurisdiction on the courts of Texas of citizens of other States; and that the judgment of the lower court affirmed by the Supreme Court is an absolute nullity.

I. The appearance of plaintiff in error in response to the notice served on him, and under protest for the sole purpose of questioning the jurisdiction of the District Court of Travis County, in no sense bound him to submit to the jurisdiction of that court. *Harkness* v. *Hyde*, 98 U. S. 476; *Bank of Vicksburg* v. *Slocomb*, 14 Pet. 60; *Raquet* v. *Nixon*, Dallam (Texas), 386; *De Witt* v. *Monroe*, 20 Texas, 289; *Hagood* v. *Dial*, 43 Texas, 625; *Robinson* v. *Schmidt*, 48 Texas, 13; *Ins. Co.* v. *Fitzgerald*, White & Willson (Texas), 785; *United States* v. *Yates*, 6 How. 605; *Decker* v. *Belting Co.*, 11 Blatchford, 76; *Pomeroy* v. *N. Y. & N. H. Railroad*, 4 Blatchford, 120; *Day*

v. *Newark India Rubber Co.*, 1 Blatchford, 628; *Parrott* v. *Ala. Life Ins. Co.*, 4 Woods, 353; *Cunningham* v. *Goelet*, 4 Denio, 71; *Wheelock* v. *Lee*, 74 N. Y. 495; *Sullivan* v. *Frazee*, 4 Robertson (N. Y.) 616; *McNabb* v. *Bennett*, 66 Illinois, 157; *Aultman* v. *Steinan*, 8 Nebraska, 109; *Wright* v. *Boynton*, 37 N. H. 9; *S. C.* 72 Am. Dec. 319; *Brauner* v. *Chapman*, 11 Kansas, 118; *Wynn* v. *Wyatt*, 11 Leigh, 584; *Cooper* v. *Smith*, 25 Iowa, 269.

II. The appearance of plaintiff in error under protest solely for the purpose of questioning the jurisdiction of the District Court, even in contemplation of Art. 1242 of the Revised Statutes of Texas, was not such a voluntary appearance, nor was his plea such an answer, as to make him subservient to the jurisdiction of the Travis County District Court. Such was the undoubted rule before the enactment of the Revised Statutes. *Raquet* v. *Nixon*, Dallam, 388; *De Witt* v. *Monroe*, 20 Texas, 289; *Hagood* v. *Dial*, 43 Texas, 625; *Robinson* v. *Schmidt*, 48 Texas, 19.

The learned justice who rendered the opinion in this cause, seems to concede that such was the rule in Texas prior to the adoption of the Revised Statutes, but in a very ingenious manner, after citing Arts. 1242, 1243 and 1244 of the Revised Statutes of Texas; after stating that an answer consists of *all* the defensive pleadings; after holding that a plea to the jurisdiction is therefore an answer; he invokes especially Art. 1242 of Revised Statutes, which says that the filing of an answer by the defendant shall constitute such an appearance as no longer to make necessary the issuance of a citation; and he concludes, therefore, that the plaintiff in error has voluntarily appeared, and therefore affirms the judgment.

We cannot agree with the learned judge in the conclusion that Art. 1242 of the Revised Statutes changed the law of Texas from what it was as laid down in the cases above cited before the Revised Statutes went into effect. A careful examination of the report of the commissioners to revise the statutes of Texas, which report, so far as it is pertinent to this case, is to be found in Vol. 2 of Sayles' Revision of the Texas statutes, pp. 722, 723, will show that at least in the minds of the com-

missioners, no such sweeping change was intended; for, in their report, they fail to show anywhere that the old law was in any way repealed, changed or modified, though the purpose of the report was to show this very fact. We are further borne out in this conclusion by the Revised Statutes themselves, for Art. 1262 says: "The defendant in his answer may plead as many several matters whether of law or fact as he shall think necessary for his defence and which may be pertinent to the cause, provided that he shall file them all in due order of pleading."

In this connection, we desire further to call the attention of the court to the fact, that this view of the statute in the opinion of the Supreme Court, if inference is worth anything, was certainly not in the mind of the other Texas courts, who have had occasion to pass on this question of what constitutes an appearance since the revising of the Texas statutes. *Parrott v. Alabama Gold Life Ins. Co.,* 4 Woods, 353; *P. & A. Life Ins. Co.* v. *Fitzgerald,* White & Willson, 784; *Liles* v. *Woods,* 58 Texas, 419; *Bradstreet Co.* v. *Gill,* 72 Texas, 115.

*Mr. James S. Hogg,* Attorney General of the State of Texas, for defendant in error.

MR. JUSTICE BREWER, after stating the case as above reported, deliver ed the opinion of the court.

I' was conceded by the District and the Supreme Courts that the service upon the defendant in St. Louis was a nullity, and gave the District Court no jurisdiction; but it was held that, under the peculiar statutes of the State of Texas, the appearance for the purpose of pleading to the jurisdiction was a voluntary appearance, which brought the defendant into court. Plaintiff in error questions this construction of the Texas statutes; but, inasmuch as the Supreme Court, the highest court of the State, has so construed them, such construction must be accepted here as correct, and the only question we can consider is, as to the power of the State in respect thereto.

It must be conceded that such statutes contravene the estab-

lished rule elsewhere — a rule which also obtained in Texas at
an earlier day, to wit, that an appearance which, as expressed,
is solely to challenge the jurisdiction, is not a general appear-
ance in the cause, and does not waive the illegality of the
service or submit the party to the jurisdiction of the court.
*Harkness* v. *Hyde*, 98 U. S. 476; *Raquet* v. *Nixon*, Dallam
(Texas), 386; *De Witt* v. *Monroe*, 20 Texas, 289; *Hagood* v.
*Dial*, 43 Texas, 625.; *Robinson* v. *Schmidt*, 48 Texas, 19.

The difference between the present rule in Texas and else-
where, is simply this:  Elsewhere the defendant may obtain
the judgment of the court upon the sufficiency of the service,
without submitting himself to its jurisdiction.  In Texas, by
its statute, if he asks the court to determine any question, even
that of service, he submits himself wholly to its jurisdiction.
Elsewhere, he gets an opinion of the court before deciding on
his own action.  In Texas, he takes all the risk himself.  If
the service be in fact insufficient, all subsequent proceedings,
including the formal entry of judgment, are void; if sufficient,
they are valid.  And the question is, whether under the Con-
stitution of the United States the defendant has an inviolable
right to have this question of the sufficiency of the service
decided in the first instance and alone.

The Fourteenth Amendment is relied upon as invalidating
such legislation.  That forbids a State to " deprive any person
of life, liberty or property, without due process of law."  And
the proposition is, that the denial of a right to be heard before
judgment simply as to the sufficiency of the service operates
to deprive the defendant of liberty or property.  But the
mere entry of a judgment for money, which is void for want
of proper service, touches neither.  It is only when process is
issued thereon or the judgment is sought to be enforced that
liberty or property is in present danger.  If at that time of
immediate attack protection is afforded, the substantial guar-
antee of the amendment is preserved, and there is no just
cause of complaint.  The State has full power over remedies
and procedure in its own courts, and can make any order it
pleases in respect thereto, provided that substance of right is
secured without unreasonable burden to parties and litigants.

*Antoni* v. *Greenhow*, 107 U. S. 769. It certainly is more convenient that a defendant be permitted to object to the service, and raise the question of jurisdiction, in the first instance, in the court in which suit is pending. But mere convenience is not substance of right. If the defendant had taken no notice of this suit, and judgment had been formally entered upon such insufficient service, and under process thereon his property, real or personal, had been seized or threatened with seizure, he could by original action have enjoined the process and protected the possession of his property. If the judgment had been pleaded as defensive to any action brought by him, he would have been free to deny its validity. There is nothing in the opinion of the Supreme Court or in any of the statutes of the State, of which we have been advised, gainsaying this right. Can it be held, therefore, that legislation simply forbidding the defendant to come into court and challenge the validity of service upon him in a personal action, without surrendering himself to the jurisdiction of the court, but which does not attempt to restrain him from fully protecting his person, his property and his rights against any attempt to enforce a judgment rendered without due service of process, and therefore void, deprives him of liberty or property, within the prohibition of the Fourteenth Amendment? We think not.

*The judgment is affirmed.*

MR. JUSTICE BRADLEY and MR. JUSTICE GRAY dissented.