FOSTER MILBURN CO. v. CHINN.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 90.

1. COURTS (§ 37*)—JURISDICTION—OBJECTIONS—WAIVER.

It is a general rule in the federal courts that an objection once taken to the jurisdiction is not waived by defendant's subsequently answering and taking part in the trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147–149, 151, 156; Dec. Dig. § 37.*]

2. JUDGMENT (§ 828*)—FOREIGN JUDGMENT—JURISDICTION—ATTACK.

A defendant may attack a judgment of a court of another state for lack of jurisdiction, either appearing on the face of the record or proved by testimony.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*]

3. JUDGMENT (§ 828*) — FOREIGN JUDGMENT — "FULL FAITH AND CREDIT" — USAGES.

The full faith and credit which federal courts are required by Rev. St. § 905 (U. S. Comp. St. 1901, p. 677), to give to judgments of state courts, means the same faith and credit the judgment would have by law or usage within the state; and hence a usage, established by decision of the highest courts of Kentucky, that an appeal to the state Court of Appeals by a defendant, against whom judgment has been rendered, constitutes a waiver of an objection to the trial court's jurisdiction, based

on alleged insufficient service of process, must be enforced in an action on the judgment in the federal courts.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*

For other definitions, see Words and Phrases, vol. 4, pp. 2998, 2999; vol. 8, p. 7667.

Giving full faith and credit, jurisdiction of federal courts, see note to Bailey v. Mosher, 11 C. C. A. 318.]

4. CONSTITUTIONAL LAW (§ 309*)—DUE PROCESS OF LAW—OBJECTIONS TO JURISDICTION—WAIVER.

The Kentucky rule, that an appeal by a defendant from a judgment against him to the state Court of Appeals operates as a waiver of objections to the jurisdiction of the trial court for insufficient service, is not invalid, as depriving the defendant of his property without due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 929, 930; Dec. Dig. § 309.*]

In Error to the District Court of the United States for the Western District of New York; John R. Hazel, Judge.

Action by John P. Chinn against the Foster Milburn Company. Judgment for plaintiff (195 Fed. 158), and defendant brings error. Affirmed.

Rebadow & Ladd, of Buffalo, N. Y. (Adolph Rebadow, of Buffalo, N. Y., of counsel, and F. R. Brown, of Buffalo, N. Y., on the brief), for plaintiff in error.

W. H. Ticknor, of Buffalo, N. Y., for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. John P. Chinn, the defendant in error, a citizen of the state of Kentucky, brought suit in the circuit court of Mercer county, Ky., a court of general jurisdiction, against the plaintiff in error, a corporation of the state of New York, engaged in the business of manufacturing proprietary medicines. The cause of action alleged was the false and fraudulent publication of the plaintiff's photograph, together with a copy of a testimonial not signed by him. Service of the summons was made upon one Monroe, as managing agent. His duty was to inspect throughout the United States the distributors of the defendant's advertising literature, who were employed by independent contractors. The defendant appeared specially to quash the return of service, on the ground that it had no office, officer, or managing agent in the state, and that service upon Monroe did not bind it. This motion having been overruled, the defendant, under protest and still objecting to the jurisdiction, answered and took part in the trial, which resulted in a verdict and judgment for the plaintiff, which was upon defendant's appeal to the Court of Appeals reversed, and the cause sent back for a new trial. On the second trial, the same objections of the defendant being overruled, it again contested at the trial, which resulted again in a judgment for the plaintiff, and the defendant having appealed on the jurisdictional question alone, the same was affirmed by the Court of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeals, on the ground that the defendant by appealing had waived its objection to the jurisdiction.

Thereupon the plaintiff brought this action upon the Kentucky judgment. The defendant set up in its answer the foregoing facts, alleging that the judgment was null and void, because the court had no jurisdiction of it, and that the proceedings were in violation of the Constitution of the United States, in that they sought to deprive the defendant of its property without due process of law. The action was tried by the court, a jury having been duly waived, and judgment was entered in favor of the plaintiff for the amount demanded in the complaint, with costs.

[1-3] It is certainly the general rule of the federal courts that an objection once taken to the jurisdiction is not waived by the defendant's subsequently answering and taking part in the trial. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237. It is also true that the defendant may attack a judgment of the court of another state for lack of jurisdiction, either appearing on the face of the record or proved by testimony. Thompson v. Whitman, 18 Wall. 457, 21 L. Ed. 897. It is, however, the law of the state of Kentucky that though the defendant appear specially to object to the jurisdiction of the court, if he thereafter appeal to a higher court from any judgment recovered against him in the action, he ipso facto waives his objection and transforms his special into a general appearance. It is not necessary for us to determine whether the service of process upon Monroe, as managing agent, was good or bad. We are obliged under section 905, U. S. Rev. St. (U. S. Comp. St. 1901, p. 677), to give full faith and credit to the judgment; that is to say, the same faith and credit it would have "by law or usage" in the state of Kentucky. So doing, we must treat the defendant as having appeared generally. The trial judge was right in holding that a usage established by the decision of the highest courts of Kentucky is to be given the same effect as if established by statute. In the latter case the Supreme Court has held that such a rule is binding in a suit upon a judgment in the courts of another state. York v. Texas, 137 U. S. 15, 11 Sup. Ct. 9, 34 L. Ed. 604.

[4] The defendant, after its motion to quash the service of process was denied, might have treated it as bad and not defended the action at all; but, having done so, it cannot be said to be deprived of its property without due process of law because held bound by the procedure in the action as fixed by the usage of the state of Kentucky. Mr. Justice Brewer said in York v. Texas, 137 U. S. 15, 11 Sup. Ct. 9, 34 L. Ed. 604:

"The fourteenth amendment is relied upon as invalidating such legislation. That forbids a state to 'deprive any person of life, liberty or property, without due process of law.' And the proposition is that the denial of a right to be heard before judgment simply as to the sufficiency of the service operates to deprive the defendant of liberty or property. But the mere entry of a judgment for money, which is void for want of proper service, touches neither. It is only when process is issued thereon, or the judgment is sought to be enforced, that liberty or property is in present danger. If at that time of immediate attack protection is afforded, the substantial guaranty of the

202 F.—12

amendment is preserved, and there is no just cause of complaint. The state has full power over remedies and procedure in its own courts, and can make any order it pleases in respect thereto, provided that substance of right is secured without unreasonable burden to parties and litigants. Antoni v. Greenhow, 107 U. S. 769 [2 Sup. Ct. 91, 27 L. Ed. 468]. It certainly is more convenient that a defendant be permitted to object to the service, and raise the question of jurisdiction, in the first instance, in the court in which suit is pending. But mere convenience is not substance of right. If the defendant had taken no notice of this suit, and judgment had been formally entered upon such insufficient service, and under process thereon his property, real or personal, had been seized or threatened with seizure, he could by original action have enjoined the process and protected the possession of his property. If the judgment had been pleaded as defensive to any action brought by him, he would have been free to deny its validity. There is nothing in the opinion of the Supreme Court, or in any of the statutes of the state, of which we have been advised, gainsaying this right. Can it be held, therefore, that legislation simply forbidding the defendant to come into court and challenge the validity of service upon him in a personal action, without surrendering himself to the jurisdiction of. the court, but which does not attempt to restrain him from fully protecting his person, his property, and his rights against any attempt to enforce a judgment rendered without due service of process, and therefore void, deprives him of liberty or property, within the prohibition of the fourteenth amendment? We think not."

Judgment affirmed.