## SOUTHERN PAC. CO. v. GREEN.*
### (No. 1694.)

(Court of Civil Appeals of Texas. El Paso.
Jan. 22, 1925. Rehearing Denied
Feb. 19, 1925.)

**1. Appearance ⊜⇒9(2) — Special appearance questioning court's jurisdiction confers jurisdiction.**

Under Rev. St. art. 1882, defendant, by its answer presenting its special appearance questioning court's jurisdiction, submitted itself to court's jurisdiction.

**2. Master and servant ⊜⇒286(24) — Whether failure to inspect stay rod of steam shovel was negligence held for jury.**

In action for injuries sustained when portion of caterpillar steam shovel fell when stay rod broke, evidence that parts of machine had broken on two previous occasions *held* to warrant submission to jury of question of whether employer had been negligent in not inspecting the stay rod, notwithstanding evidence that machine had been purchased from reputable manufacturer; that inspections and tests had been made prior to accident; and that employer had been advised by testing engineers that machine was free from defects.

**3. Master and servant ⊜⇒124(4) — Employer not liable because break in machine purchased was due to defective material.**

Employer is not liable for injuries sustained when part of machine breaks merely because defective material had been used, where machine was purchased from reputable manufacturer after reasonable care in selection of maker, and employer exercised reasonable care in putting it in operation.

**4. Master and servant ⊜⇒203(1)—Risk of defects not discoverable by ordinary diligence assumed.**

Employee takes risk of such secret defects as cannot be discovered by use of reasonable diligence, and no more.

**5. Master and servant ⊜⇒124(1)—Duty of inspection continuous.**

Duty of inspection, where inspection is required, is affirmative and must be continuously fulfilled and positively performed.

### On Motion for Rehearing.

**6. Courts ⊜⇒104—Court need not discuss separately propositions presenting same matter.**

Where separate propositions, though framed in different language, present practically the same matter, whether of law or fact, as reversible error, the court in its opinion on appeal need not discuss separately each proposition.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by T. E. Green against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Kemp & Nagle, of El Paso, for appellant.
Wallace & Cameron, of El Paso, for appellee.

WALTHALL, J. This suit was brought by T. E. Green, appellee, against the Southern Pacific Company, to recover damages for personal injuries alleged to have been sustained by him while in its employ as a brakeman, on account of alleged negligence of appellant in the operation of a caterpillar steam shovel. Appellee alleged that appellant is a foreign corporation, and at and prior to the matters complained of, and at the time of filing his petition, owned, maintained, and operated a line of railroad extending from El Paso, Tex., westerly through the states of Arizona and New Mexico and into and through the state of California, and was operating over said line of railroad freight and passenger trains and was an interstate carrier by railway for hire; that on and prior to the 28th day of May, 1923, appellee was employed by appellant as a brakeman, working out of Dunsmuir, Cal., assisting in the construction and repair of appellant's track over which it was then moving interstate commerce, and while thus employed was injured as alleged.

It is alleged that it became necessary and a part of appellee's duty, incident to his employment, to pass under or near a caterpillar steam shovel, and without notice to him a portion or part of the steam shovel, through the negligence of appellant, was thrown down or was permitted to fall, and struck appellee and injured him as alleged.

Appellee alleged that it was appellant's duty to furnish him a reasonably safe place in which to perform his duties, as well as reasonably safe machinery and appliances, and to inspect said machinery and appliances, or cause same to be inspected, repaired, and kept in a reasonably safe condition for use. It is alleged that some part of the steam shovel or some of its appliances, or the boom, and its appliances and attachments used to move and operate the shovel, as it was intended to be operated, moved, and used, was out of repair, worn, broken, or defective, or not constructed of material of sufficient size and strength, or not scientifically built, constructed, and maintained to properly handle the dirt and be used for the purpose for which it was intended to be used. The exact and specific defect or defective condition in the parts thereof appellee is unable to specify, but alleges that such defective condition of the shovel and its appliances were known to appellant, and were not known to him, and the portion or part of the shovel which broke, pulled loose, gave way, and fell, causing the injury complained of, was permitted to do so by reason of the negligent failure of appellant to inspect the same. Appellee assigns negligence in its failure to furnish

---

a reasonably safe, suitable, and proper caterpillar shovel, boom, and appliances, and to make proper tests thereof to ascertain whether it was of sufficient size and strength to perform the work. Appellee assigns negligence to the manner and way in which the employees of appellant in operating the shovel in permitting same to move out of its proper alignment, over and across the car on which appellee was standing, or without any necessity for such movement. Appellee assigns negligence, in that after he had been directed to move the car ahead in not holding the boom and shovel at a standstill away from the cars, and in moving the boom from its stationary position in front of the car then being loaded, over and across the empty car on which appellee was standing, and was guilty of negligence, in that after the boom and shovel had safely passed over appellee in moving or attempting to move the shovel and boom back over the car in which appellee was standing, and causing and permitting the same to fall at that time, causing his injuries. Appellee alleged that each of the negligent acts complained of was the proximate cause of his injuries, and stated the injuries received to be permanent.

Appellant answered by what is designated as a duly verified special appearance, and only for the purpose, as stated, of questioning the jurisdiction of the court, which right it claimed as an interstate carrier, under the laws of the United States, and stated that by so appearing it in no wise submits to the jurisdiction of the court. Appellant further answered that the court has not and did not acquire jurisdiction over the person of appellant, but alleges that appellant, at the time of the accrual of appellee's cause of action, was, and still is, an interstate carrier engaged in carrying freight and passengers by railroad, and was, and is, subject to the laws of the United States and the Transportation Act of February 28, 1920 (41 Stat. 456 et seq.), and the rules and regulations passed by the Interstate Commerce Commission, and that no law or regulation of this state can give jurisdiction over the person of the appellant; that at all times complained of appellant was and is a corporation, incorporated under the laws of the state of Kentucky, and the appellee at the time of the accrual of said cause of action was, and still is, a nonresident of the state of Texas, and was, and is, a resident of the state of California, where the cause of action arose; that appellant neither owned nor operated a railroad within the state of Texas and did not, and does not, at least under the contemplation of the federal law, do business in El Paso county, Tex., or in the Western district of Texas, and no service has been had upon any officer or agent of appellant so as to require it to answer herein; and appellant alleges that neither appellee nor appellant were engaged in interstate commerce at the time of the occurrence of said accident, and to take jurisdiction by the court would impose an undue burden upon interstate commerce and occasion large and unnecessary expense in bringing witnesses to Texas, and to assume jurisdiction was, and is, violative of the commerce clause of the United States Constitution, and also violative of the Fourteenth Amendment to the Constitution of the United States, and would deprive appellant of due process of law and equal protection of the law as guaranteed by said amendment as well as the Constitution of the United States, and would be violative of the Transportation Act of 1920.

Subject to the special plea to the jurisdiction as above, appellant further answered by general demurrer, general denial, pleas of assumed risk and contributory negligence, and by special plea to the effect that the machine in question was a new one, recently purchased by appellant from a reputable manufacturer of the first class, and before use was inspected by a reputable and capable firm of engineers and approved by them, and, if there was any defect in same, it was not ascertainable by the use of ordinary diligence, and that, if said machine did fail to operate properly, same was due to no negligence on the part of appellant.

Appellee, by supplemental petition, excepted to appellant's answer, wherein it entered a special appearance because same is violative of the statutes and laws of the state of Texas providing that when a nonresident of the state appears for any purpose he thereby appears for all purposes.

The trial court, upon presentation of appellee's exception, in all things sustained same, and struck out the paragraph in appellant's answer entering its special appearance and plea to the jurisdiction of the court.

The case was tried to a jury and submitted on general issues, in which appellant requested various special charges. The jury returned a verdict in favor of appellee in the sum of $5,850, upon which verdict the court entered judgment for said sum. Appellant duly filed a motion for a new trial, which was by the court overruled, to which ruling appellant in open court duly excepted and gave notice of appeal to this court, and has duly filed and had approved its supersedeas bond, and the case is now properly before this court for review.

### Opinion.

[1] Appellant's first five propositions have reference to the action of the trial court in sustaining appellee's exception to its answer in presenting its special appearance questioning the jurisdiction of the court, and in sustaining the exception and striking its said plea.

Article 1882, Revised Statutes of this state, provides that the filing of an answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.

The case of Atchison, Topeka & Santa Fé Railway Co. v. Stevens, 109 Tex. 262, 206 S. W. 921, is in point on the question presented. There Stevens, a nonresident, sued the railway company, a foreign corporation, for damages for personal injuries occurring in another state. Stevens, for service, relied upon delivery of citation to certain parties named as agents. Each of said parties so named, as an amicus curiæ, by affidavit denied that he was such an agent. The trial court held that the service was sufficient, and ordered the defendant railway company to appear and answer. Thereupon the defendant filed a plea of privilege and to the venue, but for the purposes of the plea, denied that it was doing business in the county where sued, but named other counties in the state, and admitted that it was suable in any one of the counties named, if at all. The plea was overruled, and the defendant answered on the merits. The question was presented upon the trial court's jurisdiction under the service. Our Supreme Court in passing upon the question held that a special appearance is unknown to our practice; that the filing of a defendant of any defensive pleading, though it be only for the purpose of challenging the jurisdiction of the court, constitutes an appearance and a submission to the jurisdiction of the forum, and cited York v. State, 73 Tex. 651, 11 S. W. 869.

The same ruling has often been made under our practice, both by our state courts and upheld by the Supreme Court of the United States. York v. State of Texas, supra, 137 U. S. 15, 11 S. Ct. 9, 34 L. Ed. 604. In the York Case, Justice Brewer of the Supreme Court of the United States discussed the question, similar in its effect to the one presented here, pointing out the difference between the rule in this state and elsewhere, and held, in effect, that our Legislature, simply forbidding a defendant to come into court in a personal action and challenge the jurisdiction of the court without submitting himself to its jurisdiction, did not deprive him of the rights guaranteed him by the Constitution. In Western Life Indemnity Co. v. Rupp, 235 U. S. 261, 35 S. Ct. 37, 59 L. Ed. 220, it was held that a defendant entering a special appearance and taking in the trial on its merits thereby waives his special appearance even in a jurisdiction where a special appearance is permitted. Under the above authorities, the first five propositions are overruled.

[2] Under the sixth proposition it is urged there was no evidence upon which the court could properly submit appellee's right to re-

cover on account of failure to inspect the stay rod which broke, thus causing the injuries to appellee complained of. The nuts, bolts, and stay rods constitute the support that holds and controls the boom intact to the main body of the excavator. The breaking of one of the two stay rods caused the boom and bucket to fall, thus injuring appellee. Failure to inspect is one of the grounds of negligence assigned. The court instructed the jury that:

"It was the duty of the appellant to use ordinary care to inspect the excavator used by it in doing the work described in plaintiff's petition, and a failure to use ordinary care would be negligence."

And, in applying the above statement as to the duty to inspect, the court instructed the jury that, if a reasonable inspection would have disclosed the condition of the stray rod that broke, and that, if appellant had failed to use ordinary care to inspect the excavator, and that in so failing, if it did, it would be negligent, and that, if such negligence was the proximate cause of the injury complained of, they would find for the appellee, unless they found for appellant under some other charge given. Appellant insists under this proposition that there was no evidence that it owed any duty to inspect the excavator other than was done, and no evidence that any character of inspection would have discovered any defect in the stay rod. The uncontroverted evidence discloses that the excavator was bought from a reputable manufacturer, and duly inspected and tested, stating how tested, by a reputable firm of engineers representing appellant, before accepting it. The evidence of the testing engineers is to the effect that the test was satisfactory; all rods were of sufficient size and strength. He did not make a personal inspection of each bolt, nut, and rod and figure out from an engineer's standpoint the amount of strain each would carry. The machine was afterwards inspected by appellant's employees, before putting same in use, and such employees testified, without contradiction, that no character of inspection would have disclosed any defect in the stay rod which broke; that witness examined the machine after it was broken; there was no visible evidence of any defect anywhere in the stay rod; it was of sufficient size under normal conditions to perform its work; the machine was comparatively new. Its cost to appellant was $17,500. We think it was not what would be classed as a simple tool or appliance.

It was in evidence that the night before the stay rod broke the boom casting, that is, the cap bolts of the boom casting, broke. That was repaired. That break seems not to have been connected with the break of the stay rod that caused the accident. It was in evidence that a somewhat similar

accident had occurred about two weeks before the accident causing the injury in question; but not on account of the breaking of the stay rod.

[3] The evidence shows that the duty to inspect was not delegated to the manufacturer, or any one else, but the duty to inspect and test the machine was performed by appellant itself, and by those who apparently would at least be competent to detect defects discoverable by visual inspection, compatible with the usual conduct of ordinary business. The machine in question was bought of a reputable manufacturer after reasonable care used in selecting the maker of it, and, so far as the evidence discloses, reasonable care used in originally putting it in operation. Where such is done, we understand the rule to be that the employer would not be liable for want of reasonable inspection, although it might later appear that imperfect materials had been put in the machine. Alamo Dressed Beef Co. v. Yeargan, 58 Tex. Civ. App. 92, 123 S. W. 721; St. Louis Southwestern Ry. Co. of Texas v. Ewing (Tex. Com. App.) 222 S. W. 198, and cases there cited.

But, where the machine had broken down on at least two occasions, and within a short time prior to the one causing the injury to appellee, once by the breaking of a cap bolt in the casting of the boom, and the other not sufficiently disclosed by the record to state the cause, more than "it was a similar accident," and where it appears that in originally testing the machine the testing engineer did not make a personal examination or inspection of the bolts, nuts, and rods in the machine, or determine from an engineer's standpoint the tensile strength of the bolts, nuts, and rods, or the amount of strain the nuts, bolts, and rods would carry when the machine was in operation, and at its greatest strain, and when it is not made to appear that after the machine had broken down, or some of its parts had given way while the machine was in operation, the machine had not thereafter been inspected before the accident in question, caused by the breaking of a stay rod, we think it was not error to submit to the jury the issue of appellee's right to recover on account of failure to inspect the machine embracing the stay rod which broke. The fact that the machine had originally been tested and inspected would seem to be without any relative force. Where the machine had broken, as stated, since the original inspections had been made, the jury might find that an inspection at that time of the tensile strength of the bolts as a precautionary measure would have prevented the happening of the very thing that did happen. Hugo, Schmeltzer & Co. v. Paiz et al., 104 Tex. 563, 141 S. W. 518. The same case by the Court of Civil Appeals in 128 S. W. 912. We think neither the trial court nor this court could properly say, as a matter of law, that appellant would be relieved from the duty of a thorough inspection of the machine, after two breakdowns within about two weeks' time, by reason of the original inspection, under the circumstances presented by the record.

[4] An employee takes the risk of such secret defects as cannot be discovered by the use of ordinary diligence, and no more. Jones v. Shaw, 16 Tex. Civ. App. 290, 41 S. W. 690.

[5] The duty of inspection, where inspection is required, is affirmative and must be continuously fulfilled and positively performed. It has been said that an employer is chargeable with notice of a disorder or deficiency in anything which it is his duty to his employee to keep in reasonably safe condition, if a proper inspection would disclose its existence. The general rule is that the question whether the employer has fulfilled his duty in regard to inspection is for the jury.

Omitting the fact of the two breaks of the machine as above, we think the original inspections made by appellant itself, without anything to give it notice, or bring to it any knowledge of a latent weakness of some of the parts of the machine that would not withstand the ordinary strain upon it when in use, would make applicable the rule invoked by appellant, but when at least two breaks in the machine in some of its parts, vital to a reasonably safe use of it, occurs, and such breaks are known to appellant, as here, it seems to us that the original inspections and tests made would not have the effect to relieve appellant of the duty to make an additional inspection as a precautionary measure. The evidence does not disclose that at the time the breaks occurred any strain more than was ordinary was then being put upon the machine in any of its parts. To us the breaks occurring in the new machine indicate that the machine in some of its parts was not reasonably safe, and that an inspection, after the breaks had occurred, might have avoided the accident. Had the two breaks occurred when the original inspections and tests were made, we feel safe in saying that a more extensive examination and testing of the machine would have readily been suggested to the testing engineers than was made, before accepting the machine for appellant. If such further inspection or testing would have been made, or have been considered advisable, as precautionary, it would seem to follow that after accepting the machine and the breaks occurred while the machine was in ordinary use, a further inspection and testing would naturally be suggested, and that it would be the duty of appellant to make such additional tests, in the exercise of its duty to use ordinary care to furnish its employees

a reasonably safe appliance and place to work.

The above, we think, is not in conflict with the general rule that the employer is not liable for latent defects which he could not have discovered by the use of ordinary diligence, and that it was not reversible error to submit the issue complained of.

The court refused to submit the following special charge requested by appellant:

"You are instructed that, if you find from the evidence that defendant purchased the machine in question from a reputable manufacturer and employed a reputable firm of engineers to inspect the same, and the said inspecting engineers advised the defendant that the machine was in proper condition and free from defects, then, in such event, if you so find, you are instructed that you can in no event find any negligence on the part of the defendant on account of any defects or insufficiency on the part of machine in question."

The refusal to give the above charge is complained of and submitted as reversible error.

What we have said in discussing a previous proposition sufficiently states the evidence as to the inspections and tests made of the excavator by appellant, and also partly indicates the view we entertain of the question presented under this point. Appellant refers us to T. & N. O. Ry. Co. v. Wagner (Tex. Civ. App.) 262 S. W. 902, and McKeever v. Dittman (Tex. Civ. App.) 262 S. W. 1054. We fail to see the application of the above cases to the question presented. We need not review them.

We have concluded that the special charge, while the requested charge announces a correct proposition of law in the abstract, and as it would have had proper application to the evidence and facts of the case under the original inspections and tests made by testing engineers for appellant prior to the breaking and giving way of the machine on at least two occasions within two weeks previous to the break of the stay rod causing the injury in question, and would have been at least prima facie evidence that appellant was not negligent in having appellee use it, and, as suggested by the charge, would be conclusive of the appellee's right to recover in the absence of some circumstances thereafter which would put a reasonably prudent man upon inquiry as to defects in the machine. The conduct of the ordinarily prudent person is the standard by which we must measure the duty of appellant here. We do not think, as previously indicated, that the facts of the purchase of the machine from a reputable manufacturer, and the inspections and tests made by the testing engineer prior to the acceptance of the machine and upon which inspections and tests appellant was advised by the testing engineers as to the condition of the machine as being free from defects, would necessarily

have the effect as a matter of law to relieve appellant from liability by reason of such purchase, inspections, and tests, where the machine thereafter had broken down, on the two occasions stated, prior to the breaking of the stay rod occasioning the accident in question, if such breaks would be deemed such as to put an ordinarily prudent person upon inquiry as to probable defects in the machine, and not discoverable by such tests as had theretofore been made. Prior to breaks in the machine, appellant, under the character of the purchase, inspections, and tests made, could use the machine in the condition under which he accepted it without any imputation of negligence, but, we think, not necessarily so, as a matter of law, thereafter, unless it could be said as a matter of fact that an ordinarily prudent person in the same or similar line of service as appellant would have made a similar use of the machine without further inspection or tests.

We do not concur in the contention made by appellant that the judgment is not supported by the evidence, or that it is against the weight of the evidence to the extent that it presents reversible error. We have carefully reviewed the evidence, and, without stating it here, overrule the proposition.

Finding no reversible error, the case is affirmed.

PELPHREY, C. J., did not participate in the decision of this case.

### On Motion for Rehearing.

WALTHALL, J. Appellant in its thirteenth ground for rehearing states that this court erred "in refusing to consider appellant's fifth, sixth, seventh, eighth, ninth, tenth, and eleventh assignments of error." While eleven assignments of error are copied in appellant's brief, the assignments are presented under nine propositions and points upon which the appeal is predicated, and no assignment is presented as a distinct proposition within itself.

[6] We fully recognize appellant's right to have this court consider and pass upon the propositions upon which its appeal is based, and it was our intention to do so, and we think we have done so in this instance. Where, however, several propositions, though framed in different language, present practically the same matter, whether of law or fact, as reversible error, we do not feel it advisable or necessary to discuss separately each proposition. However, we have considered separately each of appellant's propositions on points upon which its appeal is predicated, and have not refused to consider any one of them, as charged in the motion. We have not been able to agree with appellant's contention as suggested in some of its propositions and submitted in a special

charge, and to the effect that, where appellant purchased the machine from a reputable manufacturer, and employed a reputable firm of engineers to inspect it, and where the inspecting engineer did inspect the machine and advise appellant that the machine was in proper condition and free from discoverable defects, that, in such event, no negligence could be attributed to appellant as matter of law, on account of defects or inefficiency of the machine, where after the inspection and report of the inspecting engineer, and before the accident causing the injury, the machine had broken down on at least two occasions, thus necessarily indicating an undiscovered weakness, and possibly dangerous condition, in the machinery at some point. There is no controversy in the evidence as to the facts. An inspection is simply incidental to the duty of furnishing a reasonably safe place to work or machinery to work with. The facts have been fully stated, and our views have been fully expressed in the opinion on all the material matters presented by the record.

The motion is overruled.