**HUGHES v. HUGHES.**

No. 14071.

Court of Civil Appeals of Texas. Dallas.

May 20, 1949.

Rehearing Denied July 1, 1949.

Cox & Cusack, Dallas, for appellant.

Dee Brown Walker, Dallas, for appellee.

PER CURIAM.

This appeal is from an order made on a petition for a bill of review. The original suit was filed by Mrs. Alice Glover Hughes, appellee, against her then husband James T. Hughes, appellant, for divorce, custody of their minor child, child support, and for

division of community property. Mr. Hughes filed a waiver, entered into a property settlement with his wife and an agreement with reference to amount of child support; and on May 6, 1947, a final judgment was rendered in the case, granting Mrs. Hughes a divorce, awarding her the custody of their child, approving the property settlement, and ordering Mr. Hughes to pay $35 per month to Mrs. Hughes for support of the child. On May 30, 1948, Mrs. Hughes filed in the original divorce suit a motion to increase child support and later, on September 28, filed an amended motion to increase the child support. Notice on the original motion was served on Melody Tune Douthit, attorney of record for Mr. Hughes in the original divorce suit, and she answered and represented Mr. Hughes on that motion. On June 9, Mr. Hughes filed under the old number and style a pleading to change the custody of the minor child, which was later dismissed by Mrs. Douthit, as attorney, on August 17, 1948. Mrs. Douthit was employed by Mr. Hughes only on the motion to increase child support. Cox & Cusack, attorneys, were employed to represent Mr. Hughes on the other matters and filed the only pleading for Mr. Hughes in reply to the pleading to set aside the property settlement; such pleading consisting solely of two pleas in abatement and a plea to the jurisdiction. They set up that the judgment of divorce being final and regular on its face, the motion to set aside the property settlement feature is a collateral attack on the judgment, is not an independent action against appellant and alleges no meritorious cause of action and alleges no fact that would render said judgment void or voidable, and secondly, that in the event said motion should be treated as independent action against appellant and sufficient as a bill of review that no citation or copy thereof has ever been delivered to appellant by the sheriff or other person, nor has the appellant theretofore had an attorney of record in such independent action upon whom service of citation could be had under the provisions of Rule 21a, Rules of Procedure in Civil Cases. In an alternative plea in abatement it was alleged that the appellant was, at the time of the filing of said motion and at all times since, and is, a resident of the State of Maryland, and that none of the property sought in said motion to be divided is within the State of Texas, that the trial court did not have jurisdiction either of the appellant or of said property, and that no citation or other process was ever served upon the appellant upon said motion. The plea to the jurisdiction was based upon the grounds that the motion in issue could only be had in an independent suit in the nature of a bill of review, that the appellant was a resident of the State of Maryland and the trial court was without power or jurisdiction to require an accounting in actions other than suits for divorce. The trial court overruled each plea in abatement and the plea to the jurisdiction, to which action, in each instance, the appellant in open court excepted.

No further answer was filed by Mr. Hughes. The court then proceeded to hear both the motion to increase the child support, defended by Mrs. Douthit, and the application to set aside the property settlement, defended without pleading to the merits by Mr. Cusack.

At the conclusion of the testimony the court entered judgment covering all matters before him, and this appeal by Mr. Hughes is only from that part of the judgment setting aside the property settlement and rendering judgment against him for $2,723.80 plus court costs.

■ Appellant James T. Hughes's first three points raised the issue as to the jurisdiction of the court to render that part of the judgment appealed from. These points must be overruled. Appellant, by filing the pleas in abatement and the plea to the jurisdiction, submitted himself to the jurisdiction of the court for all purposes. The Supreme Court of the United States in York v. State of Texas, 137 U.S. 15, 11 S.Ct. 9, 10, 34 L.Ed. 604, in denying a constitutional attack (under the Fourteenth Amendment) on our statute, stated our rule as follows:

"It was conceded by the district and the supreme courts that the service upon the defendant in St. Louis was a nullity, and gave the district court no jurisdiction; but it was held that, under the peculiar statutes

of the state of Texas, the appearance for the purpose of pleading to the jurisdiction was a voluntary appearance, which brought the defendant into court. * * * It must be conceded that such statutes contravene the established rule elsewhere, a rule which also obtained in Texas at an earlier day, to wit, that an appearance which, as expressed, is solely to challenge the jurisdiction is not a general appearance in the cause, and does not waive the illegality of the service, or submit the party to the jurisdiction of the court. * * * The difference between the present rule in Texas and elsewhere is simply this: Elsewhere the defendant may obtain the judgment of the court upon the sufficiency of the service without submitting himself to its jurisdiction; in Texas, by its statute, if he asks the court to determine any question, even that of service, he submits himself wholly to its jurisdiction. Elsewhere he gets an opinion of the court before deciding on his own action; *in Texas he takes all the risk himself.*" (Emphasis ours.)

■■ The filing of the bill in the old case and under the old number is not objectionable. Galbraith v. Bishop, Tex.Com. App., 287 S.W. 1087. The hearing of all matters, both under the bill of review and the motion to increase child support, etc., together, was within the trial court's discretion. Rules 41, 51(a), and 174, Texas Rules of Civil Procedure.

Appellant's fourth and last assignment asserts that: "Where under a Bill of Review the allegations were that the former judgment had been obtained through fraud and duress, and where the appellee testified that previous to and at the time of the entry of the former judgment she had full knowledge of the facts and she testified to no duress other than her desire to obtain the divorce, the Trial Court erred in rendering a judgment setting aside the former judgment and rendering a personal judgment against Appellant." Appellee counters that "The trial court did not err in rendering judgment against the appellant because appellee alleged and proved fraud and duress in her motion in the nature of a bill of review and the facts have not been denied by appellant."

■ The record in this case, as heretofore stated, shows no answer to the merits. The court, however, did hear evidence and permitted cross-examination by appellant's attorneys, even though appellee's attorney on three occasions during the hearing of the evidence, called the trial court's and appellee's, attention to the absence of a general denial or other defensive pleading to the merits. The proceeding being for equitable relief, the applicable rule is set out in 30 C.J.S., Equity, § 673b, page 1114, as follows:

"Notwithstanding the default, the plaintiff may, in the discretion of the court, be required to sustain the allegations of the bill by proof, the usual practice being to render a decree without proof where the confessed allegations are sufficiently distinct and positive and to require supplementary proof in other cases."

■ We have reviewed the evidence to ascertain whether or not the pleadings and testimony were sufficient to sustain the court's judgment. The complaint is to the effect that there is no evidence to sustain the judgment and the only relief prayed for on this appeal is, after reversal, a rendition of judgment for appellant by this Court. Therefore, casting aside all evidence except that which sustains the judgment, as we are required to do under such an attack, can we say that there is no evidence to sustain the judgment? We have concluded that the appellee's pleadings and evidence raised the questions of fact decided by the trial judge under that test, and that we cannot so hold, and therefore affirm the judgment below.

Affirmed.

BOND, Chief Justice (dissenting).

On original submission I voiced doubt as to affirmance of the judgment of the court below; since, have reached the conclusion that appellant's motion for rehearing should be sustained and the judgment of the court below reversed and the cause remanded for a new trial. I record the grounds of my dissent as follows:

A bill of review, even if filed as a motion, as here, is a new and independent cause

and is subject to all of the requirements of service of citation upon a defendant.

The only attempted service upon the appellant, a nonresident of Texas, was by service of a copy of the motion (bill of review) upon Melody Tune Douthit who was only the attorney for appellant upon other motions for increase of child support and for change of child custody. Appellant's only answer consisted of a plea to the jurisdiction and pleas in abatement based upon the ground that there had been no service upon the appellant, and attacked the attempted service upon Melody Tune Douthit. The trial court overruled such pleas and proceeded *immediately* into the trial of the cause on its merits—over the objection of defendant.

These pleas but constituted an appearance of appellant at that time to have an adjudication of the sufficiency of the process and service. York v. State, 73 Tex. 651, 11 S.W. 869. There having been no service upon the appellant, the trial court erred in overruling such pleas.

I agree with the majority in its holding that by the filing of such pleas the appellant submitted himself to the jurisdiction of the court for all purposes, but I am in serious disagreement as to when such filing constituted an appearance on the merits. The appellant had the right to file such pleas and to have an adjudication upon the lack or insufficiency of service; and under the authorities the appellant then entered his appearance for such adjudication. This, under all the authorities which I have been able to find, was not an appearance at that time in the case on its merits. Under Rule 122, Texas Rules of Civil Procedure, in the event the trial court sustains such pleas as it should do, the appellant would be deemed to have entered his appearance on the merits at the Monday next after the expiration of 20 days after the date upon which said pleas were sustained.

Under the provisions of Rule 123, which is a re-enactment of Article 2049, R.S., where a judgment is reversed on appeal for want of service or because of defective service of process, the appellant would be presumed to have entered his appearance

at the term of the court at which the mandate should be filed.

Therefore, I am of the opinion that the judgment of the court below should be reversed and this cause remanded for new trial. The trial was not fully developed, appellant should have his day in court. I refrain from discussing the evidence; suffice to say, appellant has a meritorious defense.