Elsa BURGER, Appellant,

v.

Lawrence L. BURGER, Appellee.

No. 5167.

Court of Civil Appeals of Texas.

El Paso.

July 3, 1956.

Rehearing Denied July 18, 1956.

Jules F. Mayer and Mayer & Mayer, Dallas, Tex., for appellant.

L. L. Burger, Ocala, Fla., for appellee.

H. Louis Nichols, Dallas, Tex., as amicus curiae.

McGILL, Justice.

Appellant, a resident of Florida, by her attorney filed a motion in a suit in said court in which a divorce was granted, and appellee ordered to make certain monthly payments for support of the children of the parties. Appellee was served with notice of such motion by nonresident notice, and Mr. H. Louis Nichols, an attorney of the Dallas bar, with leave of the court appeared as amicus curiae and filed a suggestion that the court lacked jurisdiction because of defective service upon the defendant. The court ruled that it had no jurisdiction, and dismissed the motion.

It appears from the Statement of Facts that Mr. Nichols' firm received a fee of $100 for representing the defendant, Burger. The "Suggestion of Want of Jurisdiction" filed by Mr. Nichols as amicus curiae was in fact filed in behalf of Mr. Burger. As said in Jackson v. Birk, Tex.Civ.App., 84 S.W.2d 332:

> "Litigants or their counsel who don the drab habits of amicus curiae are subject to having their acts laid to their true owner."

There can be no amicus curiae for a party to a suit. Thomas v. Driver, Tex.Civ.App., 55 S.W.2d 187.

The plea filed by Nichols constituted a general appearance of the defendant Burger. York v. State, 137 U.S. 15, 11 S. Ct. 9, 34 L.Ed. 604.

It is appellant's contention that a judgment for child support can be enforced only by contempt proceedings. We think this remedy is not exclusive. No statute says so. Contempt proceedings may or may not result in payment of the money awarded for child support. Of course, from the standpoint of the child this is the ultimate result sought to be accomplished by enforcement of the judgment for child support. By putting the past-due payments in the form of a judgment on which suit might be brought on another state where perhaps the defendant had property subject to execution, the desired result might be accomplished. A holding that the movant is restricted to the remedy of contempt might materially affect the enforcement of the payment of the award for child support. We are loath to sanction any such result. We therefore hold that the trial court had jurisdiction to hear the motion.

It follows from what we have said that appellant is correct in her contention that the court had ample authority to reduce the amount of past-due accrued payments to a final judgment. Therefore we hold that the trial court erred in holding it had no jurisdiction.

The judgment is reversed, and the cause remanded with instructions to the trial court to reinstate the motion and proceed with trial of the cause.