**Ramon Rodriguez RODRIGUEZ,
et al., Plaintiffs,**

v.

**SHELL OIL COMPANY,
et al., Defendants.**

**Civil Action No. H–96–1790.
(formerly No. L–96–31).**

United States District Court,
S.D. Texas,
Houston Division.

June 28, 1996.

Stephen D. Susman, Susman Godfrey, L.L.P., Houston, TX, Fred Misko, Jr., Dallas, TX, for Ramon Rodriguez Rodriquez.

Burt Ballanfant, Shell Oil Company, Houston, TX, John Michael Dorman, Richard W. Staff, John L. Hill, Jr., Liddell, Sapp, Zivley, Hill & Laboon, Houston, TX, for Shell Oil Co.

James Stanley Teater, Dallas, TX, Terence M. Murphy, Jones, Day, Reavis & Poque, Dallas, TX, for Standard Fruit & Steamship Company, Dole Food Company, Inc., Dole Fresh Fruit Co., defendants.

Thomas Jeffrey Brandt, Sheinfeld, Maley & Kay, Houston, TX, for Dead Sea Bromine Co., Bromine Compounds, Ltd.

Michael Lamar Brem, Baker & Botts, F. Walter Conrad, Baker & Botts, Houston, TX, for Dow Chemical Company.

William D. Wood, Fulbright & Jaworski, Houston, TX, Samuel E. Stubbs, Fulbright & Jaworski, Houston, TX, for Chiquita Brands, Chiquita Brands International, Inc.

Michael L. Rice, Jones, Day, Reavis & Poque, Dallas, TX, James Stanley Teater, Dallas, TX, Terence M. Murphy, Jones, Day, Reavis & Poque, Dallas, TX, for Standard Fruit Company.

### *MEMORANDUM AND ORDER*

LAKE, District Judge.

This action was transferred from the Laredo Division on May 30, 1996 (Docket Entry

No. 16). Pending before the court is Plaintiffs' Motion for Remand (Docket Entry No. 3). The history of the case is recited in *Delgado v. Shell Oil Co.*, 890 F.Supp. 1315 (S.D.Tex.1994), and *Delgado v. Shell Oil Co.*, 890 F.Supp. 1324 (S.D.Tex.1995).

On July 11, 1995, when the court remanded the case to the 229th District Court of Jim Hogg County, Texas, defendants Standard Fruit Company and Standard Fruit and Steamship Company (hereinafter collectively referred to as "Standard Fruit") had on file a Special Appearance Objecting to Jurisdiction, First Amended Motion to Transfer Venue, or in the Alternative Motion to Dismiss, and First Amended Original Answer. These pleadings stated that "[s]ubject to and without waiving its special appearance and motion to transfer venue or dismiss, defendant ... hereby files its first amended original answer." As a result of the remand Standard Fruit's special appearances became ripe for consideration by the state district court. On February 2, 1996, the district court signed an order denying the special appearances. The court's order was filed on February 5, 1996.

On March 4, 1996, Standard Fruit, without obtaining leave from the district court, filed a third-party petition naming Dead Sea Bromine Company, Ltd. ("Dead Sea"); Bromine Compounds Limited ("BCL"); and Amvac Chemical Corporation as third-party defendants. Standard Fruit purported to implead Dead Sea, BCL, and Amvac as a matter of right and provided "courtesy" copies of the citation and third-party petition to counsel for Dead Sea and BCL. On March 6, 1996, Dead Sea and BCL filed a notice of removal in the Laredo Division of this court asserting federal question jurisdiction because Dead Sea and BCL were "foreign states" as defined in 28 U.S.C. § 1603(a) and (b).

The pivotal issue raised by plaintiffs' motion to remand is whether Standard Fruit was required to obtain leave from the state district court before filing its third-party petition. Tex.R.Civ.P. 38(a) states

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party petition not later than thirty (30) days after he serves his original answer. Otherwise, he must obtain leave on motion upon notice to all parties to the action. . . .

Plaintiffs note that Standard Fruit filed and served original answers in August of 1993 and amended original answers on September 17, 1993. Plaintiffs argue that under Texas law an answer is an answer and that making an answer subject to a special appearance under Tex.R.Civ.P. 120a does not lessen its status as an answer for the purpose of determining whether a defendant may bring a third-party action as a matter of right under Rule 38(a). Since Standard Fruit filed its third-party petition two-and-one-half years after it filed and served its conditional answers, plaintiffs argue that leave of court was required. Because Standard Fruit failed to obtain leave of court plaintiffs argue that Standard Fruit's third-party petition was invalid, that Dead Sea had no right to remove, and that this action should be remanded. Standard Fruit argues that because the original and amended answers were conditioned upon special appearances the answers did not become effective until the state court overruled the special appearances. Standard Fruit argues that leave of court was not required to file its third-party petition because the third-party petition was filed within 30 days of the date the state court overruled Standard Fruit's special appearances. The propriety of Dead Sea and BCL's removal thus turns on the narrow issue of when Standard Fruit's conditional answers became effective for purposes of Rule 38(a).

Rule 120a was adopted to allow a defendant to appear for the limited purpose of contesting the jurisdiction of the court over the person or property of the defendant on the ground that the person or property was not amenable to jurisdiction in a Texas court. Rule 120a permits, but does not require, a defendant to answer when he specially appears. Rule 120a.1 states that "any other

plea, pleading, or motion may be contained in the same instrument ... without waiver of such special appearance; ..." Rule 120a.4 states that if a special appearance is overruled, the defendant "may thereafter appear generally for any purpose."

Plaintiffs' argument that an answer filed subject to a special appearance is immediately effective is inconsistent with Rule 120a, which states:

> 1. Notwithstanding the provisions of Rules 121, 122 and 123, a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State.

Until the adoption of Rule 120a in 1962 a defendant had no effective means of contesting the jurisdiction of a Texas court over him because the Supreme Court had held in *York v. State*, 73 Tex. 651, 11 S.W. 869 (1889), *aff'd*, 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604 (1890), that any defensive pleading, including a motion seeking to challenge the jurisdiction of the court over a defendant, was an "answer" under article 1242 of the Revised Civil Statutes of 1879 and therefore a general appearance. Rule 121, which is the successor to article 1242, states that "[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance of service of citation upon him." Rule 120a allows a defendant to contest the jurisdiction of a Texas court over him by filing a special appearance (with or without an answer) without subjecting himself to the jurisdiction of the court generally. Unless a court overrules a defendant's special appearance an answer filed subject to a special appearance has none of the attributes of a normal answer and does not constitute an appearance by the defendant. Plaintiffs' argument disregards this distinction. Acceptance of plaintiffs' argument would yield the unusual result that an answer conditioned on a special appearance would not be immediately effective as an answer under Rule 121

but would be immediately effective as an answer under Rule 38(a).

Plaintiffs' argument is also inconsistent with the Texas practice even in cases not governed by Rule 120a of allowing a defendant to file a "conditional" answer, i.e., an answer that becomes effective only upon the denial of a previously filed motion. A conditional answer does not become effective unless the motion on which the answer is conditioned is overruled. *London Assur. Corp. v. Lee*, 66 Tex. 247, 18 S.W. 508 (1886); *Allright, Inc. v. Roper*, 478 S.W.2d 245, 247–248 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ dism'd w.o.j.); *Galloway v. Nichols*, 269 S.W.2d 850, 851 (Tex.Civ.App.—Dallas 1954, no writ).

Plaintiffs rely on *Butler v. Butler*, 577 S.W.2d 501 (Tex.Civ.App.—Texarkana 1978, writ dism'd), for the proposition that "answers have independent legal viability notwithstanding pending special appearances."[1] Mrs. Butler sought a divorce in Texas from her husband who lived in Louisiana. After Mr. Butler's lawyer was served in Louisiana, Mr. Butler filed a special appearance contesting defective service but not contesting a lack of personal jurisdiction over him by the Texas court. Because Mr. Butler's special appearance did not contest jurisdiction by a Texas court over Mr. Butler the court of civil appeals concluded that it was not a valid special appearance under Rule 120a and that it therefore constituted a general appearance. Since Mr. Butler had not filed an answer with his special appearance the court affirmed the default judgment entered against him by the trial court. Although, as plaintiffs point out, the court observed that Mr. Butler "could have filed his answer along with this sworn special appearance,"[2] nothing in the court's opinion suggests that an answer filed subject to a special appearance would have been immediately effective upon its filing. Since *Butler* dealt with the effect of overruling a special appearance when no answer had been filed, *Butler* does not address the effect of a conditional answer before the motion on which it is conditioned is overruled.

---

1.  Motion for Remand at 7.

2.  577 S.W.2d at 508.

The court concludes that Standard Fruit's conditional answers did not become effective for purposes of Rule 38(a) until the trial court overruled its special appearances.[3] When Standard Fruit's special appearances were overruled Rule 38(a) gave it thirty days to file a third-party petition without seeking leave of court. Since Standard Fruit filed its third-party petition against Dead Sea and BCL within thirty days, the third-party petition was "'brought' in ... state court" under the court's analysis in *Delgado*,[4] and Dead Sea and BCL then had a right to remove the case.[5]

The court has considered, but is not persuaded by, plaintiffs' other state law arguments. The balance of plaintiffs' motion argues that remand is required because the court lacks subject matter jurisdiction. The court has previously rejected these arguments and adheres to its rulings.[6]

### ORDER

Plaintiffs' Motion for Remand (Docket Entry No. 3) is **DENIED**. Standard Fruit's Conditional Motion for Leave to File a Third–Party Complaint (Docket Entry No. 7) is **MOOT**. Plaintiffs' response to defendants' motion to dismiss on *forum non conveniens* grounds (Docket Entry No. 4) will be filed and served on opposing counsel by July 19, 1996. Any reply of defendants and third-

party defendants will be filed by August 2, 1996.

---

3. *Dawson–Austin v. Austin*, 920 S.W.2d 776, 784–785 (Tex.App.—Dallas 1996, no writ), cited in plaintiffs' reply brief does not undermine this conclusion. *Dawson* dealt with the requirements of a conditional answer subject to a motion to quash citation of service. The court held that an answer that merely states that it is "subject to" a motion to quash service was a general answer under Rule 122 because it did not expressly state the conditions under which it could be considered. The court also held that the provisions of Rule 120a, which allow pleas and answers to be filed in the same instrument as a special appearance, are specific to Rule 120a and not applicable to motions filed under Rule 122. The court's opinion differentiates between the requirement of a conditional answer filed under Rule 120a and a conditional answer filed for other purposes.

4. 890 F.Supp. at 1343–1344.

5. The parties argue whether Standard Fruit could have filed a third-party petition conditioned on the denial of its special appearance without waiving its special appearance. The court need not address this issue because even assuming Standard Fruit could have done so it was not required to do so. Rules 38(a) and 120a allowed Standard Fruit to do what it chose to do—defer deciding whether to file a third-party petition until it obtained a ruling on its special appearance. Upon obtaining a ruling Standard Fruit had thirty days to file a third-party petition as a matter of right, and thereafter only with leave of court.

6. Since the court adheres to its prior ruling that federal jurisdiction exists under 28 U.S.C. § 1603(b)(2) because Israel indirectly owned a majority of Dead Sea's shares, the court does not address the alternative argument of Dead Sea and BCL that federal jurisdiction exists because Dead Sea and BCL were organs of Israel.